Rapallo, J.
 

 The county judge has not returned the evidence taken before him to prove the identity of the petitioners and their signatures to the petitions.
 

 His return to the writ of
 
 certiorari
 
 states that it was proven that each name subscribed to the petitions, or either of them, was written by
 
 or upon the request of
 
 the person so named, and whose name appeared (except as otherwise mentioned in the return) upon the list or roll, or as a tax-payer of the town.
 

 This statement in the return is all that the record contains to show the authenticity of the signatures appended to the several petitions. How many of the signatures were- affixed
 
 *418
 
 personally by the parties named as petitioners, and how many by others at the request of the parties so named, does not appear. Several of the signatures appear upon their face to have been made by proxy, but there is nothing in the return to show that all those not so appearing were made by the parties in person. The general statement that the names subscribed to the petition were written by or upon the request of the parties so named, affords no means of distinguishing between the different classes of signatures, or of ascertaining that a majority of the tax-payers personally signed the petitions.
 

 In several cases which have lately been before this court, the question has arisen whether the power conferred upon tax-payers of a town to petition for the issue of town bonds, under the provisions of the act of 1869, was one which could be exercised by proxy, or whether it must be exercised by the tax-payers in person ; and upon mature consideration we come to the conclusion that this power was one which must be exercised by the tax-payer in person. That it called for the exercise of discretion, affecting the rights and property of parties other than the petitioners themselves, and could not be delegated; also that inasmuch as the statute required a written petition of the tax-payers, their mere oral consent was not sufficient, and, therefore, a tax-payer whose name was subscribed to such a petition by a
 
 third
 
 party, in pursuance of a previous verbal authority, could not be counted as a petitioner.
 
 (People ex rel. Haines
 
 v. Smith, opinion of Allen, J.;
 
 People ex rel. White
 
 v.
 
 Hulbert,
 
 opinion Church, Ch. J.)
 

 It was intimated in these cases that if it appeared that the tax-payer whose name was thus subscribed was present at the •time of the subscription, and merely used the hand of another •to write his name, the signature might be deemed his personal act. And it was also considered that a special written authority to sign the particular petition might be available. But in such a case the written authority should be annexed ■to the petition and presented to the county
 
 judge
 
 as a part -of the proceedings, in order that he may have before him the
 
 *419
 
 written evidence which the statute requires of the consent of the tax-payers, other than those who appear before him at the hearing to join in the petition.
 

 It is very evident that the return in this case falls far short of showing a compliance with these requirements. Ho written authority appears to have been given by those whose names were signed by others, nor does it in any manner appear that the persons whose names were thus affixed to the petitions were present at the time, or ever saw the petitions, or knew their contents. The application by a majority of the tax-payers was a jurisdictional fact, upon which the powers of the county judge depended. The statute required him, before appointing commissioners to issue the bonds, to take proof of the number of tax-payers joining in the petition, and of the amount of taxable property represented by them, and to determine whether the requisite majority had joined. (Laws of 1869, chap. 907, §§ 1 and 2.)
 

 To justify an affirmance of the proceedings the return must show affirmatively that the county judge had jurisdiction to make the order. Where, as in the present case, the jurisdiction of an inferior tribunal depends upon a fact to be proved before itself, and a
 
 certiorari
 
 issues to review the proceedings, the proofs of such jurisdictional fact should be returned, for the purpose of enabling the higher court to determine whether the fact was established.
 
 (People
 
 v. Goodwin, 5 N. Y., 572.) In the case of
 
 The People ex rel. White
 
 v.
 
 Hulbert; People ex rel. Haines
 
 v.
 
 Smith;
 
 and
 
 Averill
 
 v.
 
 The Adirondack R. R. Co.,
 
 this principle was applied, and it was held that, in proceedings under the bonding act of 1869, the return must affirmatively show a compliance with the requirements of the act.
 

 Assuming'that the statement of the county judge in his return, that it was proved that the names subscribed to the petition were written by or upon the request of the persons named, was a sufficient substitute for the proofs themselves, it entirely omits the further essential statement as to those whose names were signed by proxy, that the signatures were
 
 *420
 
 made in their presence, or in pursuance of their special written authority.
 

 This omission cannot be supplied by intendment. (See opinion of Allen, J., in
 
 People ex rel. Haines
 
 v.
 
 Smith,
 
 and of Chuech, Ch. J., in
 
 People ex rel. White
 
 v.
 
 Hulbert.)
 
 The case presented by the return is a naked one of the signature of the names of tax-payers by a third party, which for aught that appears may have been done in pursuance of mere verbal authority given at some previous time. The views expressed in the opinions referred to lead inevitably to the conclusion, that the return fails to show a compliance with the act, and that therefore the Supreme Court erred in affirming the proceedings.
 

 Numerous other material objections to the proceedings are urged by the appellant; but as the one already considered is sufficient to dispose of the case, it could only be necessary to examine the others with a view to the question whether the ease should be remanded, under the act of 1871, ch. 925, sec. 4, -to be reheard by the county judge. A majority of the court are of opinion that even if it should appear, on further examination, that there was no defect which might not be remedied on a rehearing, it would not be proper to remand the case, for the reasons stated in the case of
 
 People ex rel. Haines
 
 v.
 
 Smith,
 
 nearly two years having elapsed, and a new assessment roll and tax list having been made up since the institution of the proceedings. I have not, therefore, examined the remainder of the appellant’s objections, and express no opinion respecting them.
 

 It is objected, on the part of the respondent, that the judgment of the Supreme Court was, in effect, the granting of a motion to quash the writ of
 
 certiorari,
 
 and is not reviewable here under the decision in
 
 People
 
 v.
 
 Stilwell (19 N. Y.,
 
 531). This allegation is not borne out by reference to the record. The judgment is, that the judgment and proceedings of the county judge be in all things affirmed.
 

 The questions as to the service on the respondents and on the commissioners, of notice of the
 
 certiorari,
 
 or of copies of
 
 *421
 
 the affidavit on which the writ was applied for, cannot be considered on this appeal.
 

 The judgment of the Supreme Court and of the county judge should be reversed without costs.
 

 All concur except Folger, J., who is in favor of remanding proceedings.
 

 Judgment reversed.