THE PEOPLE ex rel. EBENEZER M. DAVIS, Appellants, *v.* HEZEKIAH HILL et al., Respondents.

It is within the discretion of the Supreme Court to grant or withhold a common-law certiorari, and its decision cannot be reviewed in this court.

Unreasonable delay in applying for the writ may be a ground for refusing it and for quashing it, even after a hearing on the return thereto.

The fact that the relator has no other remedy does not deprive the court of this discretionary power.

(Argued October 6, 1873; decided October 10, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order quashing a writ of certiorari directed to defendants, railroad commissioners of the town of Ontario, in the county of Wayne, and the clerk of said county, to review certain proceedings had under the act authorizing certain towns to bond themselves in aid of the Lake Shore railroad (chap. 811, Laws of 1868. Reported below 65 Barb., 435.)

The writ was issued September 2, 1872. The return of the commissioners shows that the assessors made their affidavits August 30th, 1870. The papers were filed December 23d, 1870. The commissioners were appointed December 24th, 1870; they subscribed for $107,000 of the stock; this was afterward reduced to $85,000. On the 23d September, 1871,

they issued to the railroad company bonds to the amount of $34,000; and on the 13th November, 1871, $17,000 more.

Upon the hearing on the return the General Term quashed the writ.

*W. F. Cogswell* for the appellants.  The remedy of the parties aggrieved is by a common-law certiorari. (*Lawton* v. *Comrs. of Cambridge*, 2 Caines, 179 ; *Le Roy* v. *City of New York*, 20 J. R., 480.)  This court has jurisdiction of the proceeding, and the court below should have entertained the proceeding.  (Code, § 11, sub. 1, 2 ; *Pierce* v. *Wright*, 6 Lans., 306 ; *Albright* v. *Casey*, not reported; *People* v. *City of Brooklyn*, 39 N. Y., 81, 89.)

*J. C. Cochrane* for the respondents.  The writ was properly quashed.  It was a matter resting in the discretion of the court.  (*Elmendorf* v. *Mayor, etc., of New York*, 25 Wend., 693 ; *People* v. *Mayor, etc.*, 2 Hill, 9 ; *People* v. *Schoonmaker*, 50 N. Y., 499.)  The assessors having performed their duty, and the commissioners having proceeded to execute their duty and acted upon the assessors' affidavits, it was too late to review the proceedings.  (*People* v. *Reddy*, 43 Barb., 540 ; *People* v. *Fredericks*, 48 id., 173 ; *People* v. *Suprs. of Allegany*, 15 Wend., 198.)  The act of the assessors in making the affidavits cannot be reviewed by certiorari. (*People* v. *Mayor of New York*, 2 Hill, 9 ; Laws 1868, chap. 811, § 2, p. 1824; amended 1869, p. 448 ; Laws 1871, chap. 127, § 7, p. 265.)

Rapallo, J.  The order of the General Term in this case was that the writ of certiorari be quashed and the proceedings dismissed.  The return showed that the proceedings sought to be reviewed took place in 1870.  The writ of certiorari was not applied for until 1872, and in the mean time stock had been subscribed and bonds issued.  It was within the discretionary power of the court below to refuse or quash the writ on account of this delay, without regard to the merits of the case.  The court have a discretion to grant or

withhold a common-law certiorari. (*Matter of Mount Morris Square*, 2 Hill, 28, per COWEN, J.)   The allowance of the writ rests in the sound discretion of the court, and unreasonable delay in applying for it may be ground for refusing it or for quashing it even after a hearing on the return. (*People* v. *Supervisors of Allegany*, 15 Wend., 198; *People* v. *The Mayor*, 2 Hill, 12, 13.)   In the case last cited it was said that a case could rarely happen in which it would be proper to allow a certiorari after the lapse of more than two years.   But I apprehend that there is no fixed limit as to the time, and that circumstances might exist under which a shorter delay would be deemed unreasonable.   This court held in *People* v. *Stilwell* (19 N. Y., 531, 533), that where the court below, in the exercise of its discretionary power, quashed the writ after a hearing upon the merits, this court would not review the decision.

Although the relator may be without other remedy, I cannot find any authority for holding that that circumstance deprives the court below of its discretionary power to quash the writ for delay.   In the cases where we have entertained these appeals, the court below had passed upon the merits of the case, and questions of law were presented. (*People* v. *Knowles*, 47 N. Y., 420.)

The appeal must be dismissed, without costs.

All concur.

Appeal dismissed.