THE PEOPLE *ex rel.* WILLIAM F. SMITH, RESPONDENT, *v.* EDWARD COOPER, MAYOR OF THE CITY OF NEW YORK, APPELLANT.

*Writ of certiorari—within what time an application therefor must be made.*

Prior to the adoption of sections 2125 and 2126 of the Code of Civil Procedure there was no statute nor rule of law prescribing any fixed period within which a writ of *certiorari* must be applied for, but the decision of that question was left to the discretion of the court to which the application was made.

On April 5, 1879, the defendant, the Mayor of New York, certified to the governor that he had removed the relator from his office of police commissioner. From that time until January 27, 1880, when the case of *The People* v. *Nichols* was decided by the Court of Appeals, the right of the relator to review such removal by a writ of *certiorari* was in dispute. On February 2, 1880, the relator applied for and obtained a writ of *certiorari*.

*Held*, that the court below properly held that he was guilty of no laches which would authorize a denial of the writ.

APPEAL from a judgment in favor of the relator, entered on a *certiorari* issued to review the respondent's proceedings in removing the relator from his office of police commissioner of the city of New York.

The only question argued on the appeal was whether the relator was not unduly dilatory in applying to the courts to reverse and annul the proceedings and judgment, whereby the mayor assumed to remove him from office as a police commissioner of the city of New York. It appeared that the mayor certified the relator's removal to the governor on April 5, 1879; that the writ of *certiorari* in this case was tested February 2, 1880; and that a new governor came into office during the period between those dates. The right to a writ of *certiorari* in such a case as the present was not finally established, until the decision rendered by the Court of Appeals in the prohibition suit of *People* ex rel. *Mayor* v. *Nichols*, on January 27, 1880.

*Francis Lynde Stetson*, for the appellant.

*Willard Bartlett*, for the respondent.

BARRETT, J. :

The only question presented by this appeal is, whether the court below was right in refusing to quash the writ of *certiorari* because of the relator's alleged laches. This was a matter of discretion with which we should interfere only in case the discretion has been abused or unwisely exercised. Nothing of the kind appears in the present instance. On the contrary, the discretion seems to have been fairly and judiciously exercised. When this writ was sued out, there was no statute nor rule of law prescribing any fixed period during which a *certiorari* must be applied for.

The time was always a matter of discretion. (*People* v. *Hill*, 53 N. Y., 547.) It is true, that the courts had repeatedly intimated that, in analogy to a writ of error under the Revised Statutes, a *certiorari* would not be granted after two years. But that was merely a guide to the general limit of discretion, not an inflexible rule. The writ was frequently refused within the two years (in exceptional cases, because not applied for immediately), and it might have been granted in an extreme case after two years. "I think a case can *rarely happen*," said BRONSON, J., in *People* v. *Mayor* (2 Hill, 13), "where it would be proper to allow a *certiorari* after a longer period."

These rules have since been steadily followed and applied, without regard to the abolition of writs of error in civil cases, and without variation, because of the change in the time of appealing from judgments brought by the Code of Procedure. It is now too late to conform the general line of discretion to this later analogy. In *People* ex rel. *Van Allen* v. *Perry* (16 Hun, 463), reference was made to the reduction to one year of the time within which an appeal must be taken to the Court of Appeals. Commenting upon this, Mr. Justice SMITH observed that it did "not necessarily follow that the courts should now adopt one year as the limitation to writs of certiorari in all cases. The granting of the writ is, now as heretofore, in a great measure, matter of discretion." Besides, there is force in the suggestion that the two years for writs of error under the old system ran from the rendering of the judgment, while the present limitation commences only after formal notice. Laches should be predicated of knowledge of the fact, not of a formal notice, nor of

the want of it. The analogies, therefore, are not perfect. Still less in the case of ordinary appeals from the Special to the General Term.

The delay in the case at bar was properly accounted for. It is a matter of judicial history that, during nearly the entire period between the removal of the relator and the suing out of the writ, the question whether a *certiorari* would lie at all in such a case, was being severely litigated. The writ was applied for within a very short time after the apparent determination of that question by the court of last resort. In thus awaiting its solution, before pressing forward with his suit, the relator acted with discretion and consideration for all concerned. Instead of being amenable to the charge of laches, his forbearance is commendable. Certainly his rights are not to be withheld merely because he submitted to being kept out of them for a brief period, rather than vex the court with what might prove to be an unnecessary litigation.

The judgment reversing the proceedings for the relator's removal must, therefore, be affirmed, with costs.

Davis, P. J., and Brady, J., concurred.

Judgment affirmed.