370 PEOPLE, ex rel. SMITH, *v.* COM'RS, ETC., BROOKLYN.  [Oct.,

Statement of case.

THE PEOPLE, ex rel. W. FRANK SMITH, Appellant, *v.* THE COMMISSIONERS OF THE DEPARTMENT OF FIRE AND BUILDINGS IN THE CITY OF BROOKLYN, Respondents.

While an order of the Supreme Court, quashing a common-law *certiorari*, made in the exercise of its discretion by the court, on the ground that the proceedings brought up by the writ ought not to be thus reviewed, is not appealable to this court, when it adjudicates upon the proceeding, and determines that the allegations of error are not sustained it is reviewable here.

*People, ex rel. Vanderbilt*, v. *Stilwell* (19 N. Y. 531), distinguished.

The relator was appointed as a "detailed fireman" by the commissioners of the department of fire and buildings of the city of Brooklyn. He was removed by resolution of the board, without notice, trial or charges having been made against him as required by the charter of said city (§ 14, tit. 13, chap. 863, Laws of 1873), to authorize the removal of a member of the department. The removal was on the ground that no such office as "detailed fireman" existed. *Held* error; that the appointment of the relator was as fireman, and he could only be removed in the manner prescribed by the charter.

(Argued October 5, 1886; decided October 26, 1886.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 12, 1886, which affirmed an order of Special Term which is set forth in the opinion, wherein also the material facts are stated.

*Edward F. O'Dwyer* for appellant. The order appealed from is a final order in a special proceeding, and affects a substantial right and is reviewable in this court. (Code of Civ. Pro., § 190, subd. 3, § 1337; *People, ex rel. Vanderbilt,* v. *Stilwell,* 19 N. Y. 531; *People, ex rel. Allen,* v. *Knowles,* 47 id. 415–420; *People, ex rel. Davis,* v. *Hill,* 53 id. 547, 549; *People, ex rel. Waldman,* v. *Board Police Comrs.,* 82 id. 506; *People, ex rel. Haneman,* v. *Bd. Tax Comrs.,* 85 id. 655; *People* v. *Bd. Assessors,* 39 id. 88.) The appointment of the relator became a vested right of which he could only be deprived (divested) upon charges, trial and conviction, and the right to such charges, trial and conviction is provided for by section 14 of title XIII, chapter 863, Laws of 1873, and is a substantial

one, capable of execution, and cannot be disregarded. (*People,* *ex rel. Munday,* v. *Bd. Fire Comrs.,* 72 N. Y. 445; *People,* *ex rel. Folk,* v. *Bd. of Police,* 69 id. 408; *Blaufus* v. *People,* 69 id. 107; *Schiffer* v. *Pruden,* 64 id. 47; *People, ex rel. Siebert,* v. *Police Comrs.,* 20 Hun, 337.) The proceeding had in removing the relator was insufficient. (*People, ex rel. Pennie,* v. *Comrs. Fire and Buildings,* 26 Hun, 533; *Pennie* v. *City of Brooklyn,* 97 N. Y. 654.)

*Almet F. Jenks* for respondents. This order is not appealable to this court. (*People, ex rel. Haneman,* v. *Bd. Tax Comrs.,* 85 N. Y. 655; *People, ex rel. Purvis,* v. *Bd. Police Comrs.,* 86 id. 639; *People, ex rel. Hudson,* v. *Bd. of Fire Comrs.,* 77 id. 605; *People* v. *Stillwell,* 19 id. 531, 533.) The relators had jurisdiction in the premises. (*Sims* v. *Fire Comrs.,* 73 N. Y. 439.)

RAPALLO, J. The order of the General Term in this case is appealable. It affirms a judgment rendered at Special Term on *certiorari,* which was in the following words: "It is ordered and adjudged that the respondents have judgment on the return, and that their action in removing relator from said department of fire and buildings is in every respect affirmed, and that said writ of *certiorari* be quashed with $10 costs."

An order which simply quashes a common-law *certiorari* has often been held not to be appealable to this court, because the issuing of the writ rests in the discretion of the court, and consequently it can, in its discretion, recall or quash the writ without passing upon the validity of the proceeding sought to be reviewed. The case of *People, ex rel. Vanderbilt,* v. *Stilwell* (19 N. Y. 531) fell within that principle. There was no hearing upon the return and no adjudication upon the merits, but the decision was rendered on a motion to quash the writ, which motion was granted. In the opinion, it is true, the validity of the proceedings sought to be reviewed was considered, and the court held that the writ had been improvidently issued. But the order simply quashed the writ and did not adjudicate upon

the validity of the proceeding. The cases of *People, ex rel. Davis,* v. *Hill* (53 N. Y. 547); *People, ex rel. Waldman,* v. *Board of Police Com'rs* (82 id. 506) and *People, ex rel. Haneman,* v. *Board of Tax Com'rs* (85 id. 655) were of the same description. But in the case of *People* v. *Board of Assessors* (39 N. Y. 88), although the order concluded by directing that the writ be quashed, that conclusion was preceded, as in the present case, by an adjudication that the proceeding brought up by the writ was valid and free from error, and the judgment quashing the writ was not rendered in the exercise of the discretion of the court, and on the ground that the proceeding ought not to be reviewed by the writ, but on the ground that the allegations of error were not sustained. This decision was held to present a question of law, reviewable in this court. To the same effect was the case of *People, ex rel. Allen,* v. *Knowles* (47 N. Y. 415, 420).

We must, therefore, consider the question of the validity of the proceeding brought up for review by the writ. That proceeding was a resolution of the board of commissioners of the department of fire and buildings in the city of Brooklyn as follows: "*Resolved,* That William F. Smith, detailed fireman, be dismissed the department." If he was legally appointed a member of the fire department, it is not disputed that his removal was illegal, inasmuch as the power of the commissioners to remove a member of the department can only be exercised on conviction of the member of some of the offenses specified in section 14 of title 13 of the charter of the city of Brooklyn (Laws of 1873, chap. 863), and in the case of the relator there was no such conviction. He was removed by a simple resolution, without trial or notice, or even any charge having been made against him. The only ground upon which the board claim that their action should be sustained, is that his appointment was invalid for the reason that he was appointed as "a detailed fireman," and as no such office existed, he was dismissed by the board. That position was sustained by the General Term in their opinion, and they held that consequently the removal was regular and proper. We think that the case

of *Pennie* v. *City of Brooklyn*, decided by the City Court of Brooklyn and affirmed in this court, determines the question adversely to the respondents. The appointment of Pennie was precisely the same as that of the present relator. Both were appointed by resolution " detailed " firemen, and both were removed by resolution, without other cause than the alleged invalidity of such an appointment. Pennie sued out a writ of *certiorari*, and the opinion of the General Term of the second department, a copy of which is among the appeal papers in the case of *Pennie* v. *City of Brooklyn*, on file with the clerk of this court (vol. 62), states, " the relator, Henry Pennie, was removed by resolution because he was appointed a detailed fireman, a position not known to the law. This is quite frivolous; if he were a fireman, his office was known to the law, and detailed here means nothing more than selected." The proceedings were thereupon reversed, and Pennie afterward brought an action in the City Court of Brooklyn for his salary during the time of his exclusion. The same point was urged on the trial of that action, and a motion for a nonsuit was made on the ground, as stated in the case on appeal, " that the position of detailed fireman is a position unknown to the law, and that the resolution of the commissioners removing the plaintiff was effectual." The motion was denied and exception taken, and a verdict for the plaintiff was directed, and on appeal to this court the judgment entered on the verdict was affirmed. (*Pennie* v. *City of Brooklyn*, 97 N. Y. 654.) The cases are identical and we see no ground upon which the proceedings of the board can be sustained.

The judgments of the General and Special Terms should be reversed, and the proceedings of the respondents reversed and annulled, with costs to the relator in this court and the court below.

All concur.

Judgment reversed.