153 370
157 409
153 370
158 287
153 370
160 390
153 370
172 1128

The People of the State of New York ex rel. Edward O'Connor and William Smith, Appellants, v. The Board of Supervisors of Queens County, Respondent.

1. Certiorari — Appeal. An order of the Appellate Division of the Supreme Court dismissing a writ of certiorari for want of jurisdiction is appealable to the Court of Appeals.

2. Legislative Action. The writ of certiorari will not issue to review a merely legislative action, although it may involve the exercise of discretion.

3 Establishment of Town Fire District by Board of Supervisors — Preliminary Petition — County Law, § 37. The action of a board of supervisors in undertaking to establish a fire district in a town, under section 37 of the County Law as amended by chapter 902, Laws of 1896, is legislative in character and is not rendered subject to review by certiorari because the affidavit verifying the preliminary petition does not state that the petition complies with the requirement of the statute that the names attached appear, by the last assessment roll, to be those of the owners of more than one half of the taxable real property of the district described.

4. Question of Sufficiency of Signatures to Petition As the action of a board of supervisors in establishing a town fire district under the statute is legislative in form, they are presumed to have determined the preliminary question of fact that the petition was signed by the requisite number of owners of taxable real property; and although such determination may not be final, the burden of showing the fact to be otherwise devolves upon those who attack the validity of the action of the board. This may be done in an appropriate action, but not in certiorari proceedings where the issue is not raised.

5. Petition Composed of Several Papers. The statutory requirement of a "petition" is not violated by the circulation and presentation, as one petition, of several separate pieces of paper, all expressing the same subject-matter and alike except as to the signatures.

6. Statements of Petition. It seems, that it is not necessary that the petition for the establishment of a town fire district by a board of supervisors under the statute shall state that it is made by a majority of the owners of the taxable real property of the district described

People ex rel. O'Connor v. Supervisors, 14 App. Div. 608, affirmed.

(Argued June 7, 1897; decided October 5, 1897.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

1897.]     People ex rel. O'Connor *v.* Supervisors.     **371**

N. Y. Rep.]                    Points of counsel.

March 5, 1897, which dismissed a writ of certiorari to review the action of the board of supervisors of Queens county in establishing a fire district in the town of Oyster Bay.

The facts, so far as material, are stated in the opinion.

*Thomas Young* for appellants. The petition was fatally defective. (L. 1896, ch. 902, § 37; L. 1892, ch. 686, § 37; L. 1895, ch. 937.) The learned Appellate Division erred in dismissing the writ, upon the ground that, in its opinion, the act of the board of supervisors, in establishing the district, was purely legislative and not in any sense judicial, and, therefore, not a subject of review by writ of certiorari. (*People ex rel.* v. *Jones,* 112 N. Y. 597; *Cagwin* .v. *Town of Hancock,* 84 N. Y. 532; *Howland* v. *Eldredge,* 43 N. Y. 457; *People ex rel.* v. *Allen,* 52 N. Y. 538; *Miller* v. *City of Amsterdam,* 149 N. Y. 297.) This being a statutory proceeding the statute must be complied with or the board gets no jurisdiction, and its proceedings, being without authority, are both voidable and void. (*Merritt* v. *Vil. of Portchester,* 71 N. Y. 309; *Miller* v. *City of Amsterdam,* 149 N. Y. 288; *Chegaray* v. *Jenkins,* 5 N. Y. 376.) The relators have a right to have a void determination set aside. (*People ex rel.* v. *Jones,* 112 N. Y. 607.)

*Isaac P. Coale* for respondent. An order dismissing a writ of certiorari is not appealable. (Code Civ. Pro. § 2127; *People ex rel.* v. *Stillwell,* 19 N. Y. 531; *People ex rel.* v. *Hill,* 53 N. Y. 547; *People ex rel.* v. *Fire Comrs.,* 77 N. Y. 605; *People ex rel.* v. *Board of Police Comrs.,* 82 N. Y. 506; *People ex rel.* v. *Tax Comrs.,* 85 N. Y. 655; *People ex rel.* v. *Comrs., etc.,* 144 N. Y. 483.) The creation of a fire district is a legislative act, and, therefore, the action of the supervisors in creating such district is not reviewable by certiorari. (*People ex rel.* v. *Suprs. of Queens Co.,* 131 N. Y. 468; *In re Mount Morris Square,* 2 Hill, 14; *Le Roy* v. *Mayor, etc.,* 20 Johns. 430; *Starr* v. *Trustees,* 6 Wend. 564; *People ex rel.* v. *Mayor, etc.,* 2 Hill, 9; *People ex rel.* v.

*Board of Health,* 33 Barb. 344; *People ex rel.* v. *Supervisors,* 43 Barb. 232; 34 N. Y. 516; *People ex rel.* v. *Walter,* 68 N. Y. 403; *People ex rel.* v. *Jones,* 112 N. Y. 597; *People ex rel.* v. *Tompkins,* 40 Hun, 228; *People ex rel.* v. *Supervisors,* 51 N. Y. 442; *People ex rel.* v. *Board of Assessors,* 39 N. Y. 81; *People ex rel.* v. *Board of Comrs.,* 97 N. Y. 37.) The matter which is sought to be reviewed has passed from the control of the board of supervisors. (*People ex rel.* v. *Suprs. of Queens Co.,* 82 N. Y. 275; *People ex rel.* v. *Suprs. of Rensselaer Co.,* 34 Hun, 266; *People ex rel.* v. *Tompkins,* 40 Hun, 228; *People ex rel.* v. *Comrs. of Taxes,* 43 Barb. 494; *People ex rel.* v. *Town Auditors,* 74 Hun, 83; *Osterhoudt* v. *Rigney,* 98 N. Y. 222; *People ex rel.* v. *Auditors,* 65 Hun, 414; *People ex rel.* v. *Supervisors,* 82 N. Y. 277.) The relators do not show a proper case for the issuing of this writ. (Code Civ. Pro. § 2127; *People ex rel.* v. *Mayor, etc.,* 5 Barb. 43; *People ex rel.* v. *Suprs. of Queens Co.,* 1 Hill, 195; *People ex rel.* v. *Suprs. of Queens Co.,* 131 N. Y. 468; *Ex parte Mayor, etc., of Albany,* 23 Wend. 277.) There was no defect or illegality in the proceedings of the board of supervisors sought to be reviewed by this writ. (L. 1896, ch. 902, § 37; *People ex rel.* v. *Suprs. of Queens Co.,* 1 Hill, 195.)

HAIGHT, J. On the 30th day of July, 1896, the board of supervisors of Queens county passed the following resolution : " An act to provide for the formation of a fire district within the town of Oyster Bay, Queens county, N. Y.

" The board of supervisors of Queens county, pursuant to section 37 of an act known as the County Law, do enact as follows :

" WHEREAS, a petition was, on the 30th day of July, 1896, duly presented to the board of supervisors of Queens county, praying that a district duly described in said petition be declared a fire district pursuant to section 37 of the County Law, and it appearing by the affidavit of Amos M. Knapp attached thereto that the said petition is signed by one-half of

the taxpayers appearing on the last assessment roll as assessed for property within said proposed district and representing more than one-half of the assessed valuation of the property included within said proposed district.

"*Resolved*, That the said petition be granted and that the district particularly described in said petition be and is hereby affirmed and declared to be a fire district in the town of Oyster Bay, Queens county, N. Y., pursuant to the provisions of said section 37 of the County Law, said district being described as follows:" (Then follows a description of the district.)

It appears that a petition was presented to the board of supervisors, verified by Amos M. Knapp, who was one of the petitioners, in which he states that he was the clerk of the town of Oyster Bay, and that he had compared the petition with the assessment roll on file in his office, and that the names signed thereto constituted more than one-half of the names of the taxpayers within the proposed district as appears upon the roll, and that the value of the property held by the persons so signing represents more than one-half of the value of the property within the district. He neglects, however, to state that the comparison was made with the last assessment roll and that the persons signing such petition owned more than one-half of the taxable *real* property in the proposed district. Section 37 of the County Law, as amended by chapter 902 of the Laws of 1896, provides as follows: "Each board of supervisors may, on the written, verified petition of the taxable inhabitants of a proposed fire district outside of an incorporated village or city, and within the county, whose names appear on the last preceding assessment roll of the town within which such proposed fire district is located, as owning or representing more than one-half of the taxable real property of such district, or as owning or representing more than one-half of the taxable real property of such district owned by the residents thereof, establish such district as a fire district."

The writ in question was issued to review the proceedings

of the board. It is claimed on behalf of the relators that the defects in the verification, to which attention has been called, rendered the petition void, and that the board of supervisors did not acquire jurisdiction to pass the resolution establishing the fire district.

The Appellate Division neither vacated nor affirmed the proceedings of the board, but simply dismissed the writ upon the ground that it had no jurisdiction.

An order which quashes or dismisses a common-law writ of certiorari is not appealable to this court, unless it appears in the order that the quashing, or the dismissal, of the writ was made for want of jurisdiction, or upon the ground that the proceedings were found regular. (Code Civ. Pro. § 2127; *People ex rel. Waldman* v. *Board of Police Commissioners*, 82 N. Y. 506; *People ex rel. Hudson* v. *Board of Fire Commissioners*, 77 N. Y. 605; *People ex rel. Davis* v. *Hill*, 53 N. Y. 547; *People ex rel. Vanderbilt* v. *Stilwell*, 19 N. Y. 531; *People ex rel. Board of Supervisors of Ulster Co.* v. *Common Council of the City of Kingston*, 101 N. Y. 82; *People ex rel. Smith* v. *Commissioners of the Department of Fire, etc.*, 103 N. Y. 370.)

In this case, as we have seen, the proceedings were dismissed for want of jurisdiction, and not in the exercise of the discretion vested in the learned Appellate Division. The order is, therefore, appealable to this court.

The serious question presented for our determination is as to whether the action of the board of supervisors in creating the fire district was a legislative or a judicial act. If legislative it would not be reviewable in this proceeding. The writ of certiorari issues in cases expressly authorized by statute, and in cases in which it was issued at common law by a court of general jurisdiction, except in those cases where the power to issue it has been taken away by statute. It is appropriate for the review of the judicial action of inferior courts, or of public officers or bodies exercising judicial functions. The writ will not issue to review a merely legislative, executive or administrative action, although it may involve the exercise of

discretion. (*People ex rel. Vil. of Jamaica* v. *Board of Supervisors of Queens County,* 131 N. Y. 468–471; *People ex rel. Agnew* v. *Mayor, etc.,* 2 Hill, 9; *In re Mount Morris Square,* 2 Hill, 14; *People ex rel. Dickinson* v. *Supervisors of Livingston County,* 43 Barbour, 232; affirmed, 34 N. Y. 516; *People ex rel. Corwin* v. *Walter,* 68 N. Y. 403; *People ex rel. Burnham* v. *Jones,* 112 N. Y. 597.)

The Constitution empowers the legislature by general laws to confer upon the boards of supervisors of the counties of the state such further powers of local legislation and administration as it may from time to time deem expedient. Pursuant to this provision the legislature has conferred upon the boards of supervisors many important powers, among which is that of establishing fire districts. That these powers are in the main legislative in character was practically conceded upon the argument in this case, but it was contended that the provision for establishing fire districts contained a requirement for a written, verified petition of the inhabitants of the district owning or representing more than one-half of the taxable real property thereof as a condition precedent, and that the board of supervisors had no power to act until jurisdiction had been conferred upon the board by the presentation of such a petition. It may be that the power of the board to act was dependent upon the presentation to it of such a petition. It is possible that the action of the board was unauthorized and void, but this question cannot be determined in this proceeding if the action of the board was legislative and not judicial. Under the statute the supervisors could only act in a body, as a board, and the district could only be established by a majority vote of the supervisors. Each supervisor, in recording his vote, must of necessity act upon such information as he possessed bearing upon the subject and in the exercise of his judgment and discretion. The power devolved upon the board was purely legislative, unless it was made judicial by the provision requiring the presentation of the petition. Whilst the presentation of the petition may have an important bearing upon the question of the validity of the action of

the board, we are not now able to see how it affects the character of the act. The statute provides that the petition shall be verified. It was verified as to the persons signing it. Proof as to the requisite number of signers could only be made after the petition was completed, and as to the manner in which this proof is to be presented the statute is silent.

After the presentation of the petition the supervisors were left to exercise the same judgment and discretion with reference to their votes as they would have exercised in case the statute had not required a petition; their votes were taken and recorded and the result declared in the same manner as if no condition had been imposed upon their power; hence we conclude that the action of the board was legislative.

In the case of *People ex rel. Vil. of Jamaica* v. *Board of Supervisors of Queens County* (*supra*) the supervisors passed an act for the improvement of certain highways in the town of Jamaica. The act provided for the raising of four hundred thousand dollars for the improvement, upon bonds to be issued by the county treasurer, which bonds were to be paid by taxes levied upon the town. The supervisors claimed to act under the authority of the Laws of 1869, chapter 855, section 2. It is true that the provisions of that act imposed no conditions upon the supervisors as conditions precedent to their power to act. The supervisors were left to determine the necessities of the town in their own way and to exercise their judgment upon the improvements which should be made. In that case EARL, Chief Judge, in delivering the opinion of the court, says this act of the supervisors " was purely a legislative act. Legislative power was devolved upon them under the Constitution by the legislature, and the act was as purely legislative as if it had been passed by the legislature itself. If this action by the supervisors can be reviewed by certiorari, then every act and resolution of the board of supervisors, every ordinance of the city board of aldermen, every ordinance and resolution of a village board of trustees, and generally all the acts of public officers involving the exercise of some discretion, could be reviewed in the same way; and thus there

would be a wide departure from the practice and procedure which have always prevailed in this state, and much embarrassment might attend the discharge of legislative, executive and administrative functions by public officers, local boards and state departments."

In *People* v. *Carpenter* (24 N. Y. 86) the action was in the nature of a quo warranto brought by the attorney-general to test the right of the defendant to exercise the duties and powers of the office of supervisor of the town of Afton. The town of Afton had been created by the board of supervisors, by a division of the town of Bainbridge, and the right of the defendant to the office depended upon the validity of such division. The act under review in that case empowered the board of supervisors, by a vote of two-thirds of all the members elected, to divide or alter in its bounds any town, or erect a new town, upon the application of twelve freeholders of each of the towns to be affected by the division. The act also provided that notice in writing of the intended application to the board of supervisors, subscribed by at least twelve freeholders of the town to be affected, shall be posted in five of the most public places in the town to be affected for four weeks next previous to such application; and a copy of such notice shall also be published, etc. Numerous defects in the proceedings were charged, among which was the failure to show that the notices were posted subscribed by the requisite number of freeholders, and that the notices published in the papers did not contain the names of any freeholders. DAVIES, J., delivered the opinion of the court, and in answer to the alleged defects, he says: "But we apprehend that the validity of the act of the supervisors does not depend upon the sufficiency of these affidavits. There is nothing in the act of the legislature which requires such proof to be made to them, and if no evidence had been offered of the publication and posting of the notices, we should be warranted in assuming that all the preliminary steps required had been taken. The act of the board was one of legislation and the validity of a legislative act cannot be impeached by an omission to show

that the preliminary notices, required to be given prior to the application for the law, had been given. Those who challenge the existence of the law, were called on to show the notices were not given. It was not for those acting under the law to make this proof, even if it were necessary."

In *People ex rel. Hotchkiss* v. *Board of Supervisors of Broome County* (65 N. Y. 222) it is said : "Boards of supervisors are not judicial tribunals any more than is the legislature of the state to be regarded in any of its action a court of justice, although it may audit, allow or reject claims against the state, and in any case repeal or reconsider its action when found to have been erroneous. The boards of supervisors are mere local legislative bodies, in many respects of limited power ; but where they have jurisdiction, they may act for their county precisely as the legislature may act for the state. If they act without jurisdiction their acts are void, the same as is the action of the legislature when in violation of any provision of the Constitution."

In *Whittaker et al.* v. *Village of Venice* (150 Ill. 195) an attempt was made to review the proceedings of the board of trustees of the village in annexing contiguous territory to its incorporation. The statute provided that, upon a petition in writing, signed by not less than three-fourths of the legal voters, and by the owners of not less than three-fourths in value of the property in any territory contiguous to any city or incorporated village or town not embraced within its limits, the city council or board of trustees of the city, village or town, may, by an ordinance, annex such territory to such city, village or town. In the Circuit Court the writ was quashed. On review the opinion was delivered by Mr. Justice Magruder, in which he says : " It is quite manifest that the action of the board of trustees of the village, under section one, is not such judicial action as will authorize a review of the proceedings by certiorari. * * * It is authorized to find the facts that the territory is contiguous to the village and that the petition is signed by the proper number of voters and owners, but its decision upon these preliminary questions of fact cannot be

reviewed by certiorari.  *  *  *  We are inclined to think that there was no error in quashing the writ, because, in the first place, the action of the trustees in passing the ordinance of annexation was legislative in its character, and because, in the second place, the determination of the board as to the existence of the preliminary conditions required to precede the ordinance involved a decision upon mere questions of fact." The judgment of the Circuit Court was affirmed.

With reference to the proper remedy, see *People ex rel. Kingsland* v. *Clark* (70 N. Y. 518) and the Code with reference to actions by taxpayers.

It appears to us that the rule adopted by these cases is decisive of the question under consideration.   A preliminary question of fact was presented for the determination of the supervisors, but this requirement did not operate to change the character of their proceeding from a legislative to a judicial act.   Its character being legislative in form, they are presumed to have determined that the petition was signed by the requisite number of owners of taxable real property of the district.   This determination, however, may not be final, but the burden of showing the fact to be otherwise devolves upon those who attack the validity of the action of the board. This may be done in an appropriate action, but not in these proceedings.

We have not overlooked the rule adopted in the town bonding cases.   Those cases may have some application if it should be found as a fact that the petition upon which the board of supervisors based its action was not in fact signed by a majority of the owners of the taxable real property of the district, but upon the questions now under consideration, as to whether the character of the action of the board of supervisors was legislative, and as to whether their proceedings can be reviewed by certiorari, they have no application.

It appears that nine petitions were circulated for signatures, but they were all alike, except as to the signatures attached, and were presented to the board as one petition.   We see no harm in this, or any violation of the statute.   The subject-

matter expressed in the petitions being the same, they are in legal effect one petition, although expressed upon different pieces of paper. Nor do we think the petitions defective in the matter of substance. It is true that the petitions do not assert that they are made by a majority of the owners of the taxable real property of the district described, but it does not appear to us that this was necessary to be stated in the petition. None of the subscribers thereto could correctly assert that fact until a majority of the signatures of the tax-payers on real property had been obtained. The fact that the petition was signed by a majority of the required taxpayers might properly appear by the affidavit accompanying the petition, but the affidavit of Knapp is silent upon this subject. In this respect the papers are not complete. There is nothing in the record before us from which we can determine whether the petition was signed by the requisite number of taxpayers. No issue has been raised upon this question. It is not even asserted by the relators in their application for the writ that it was not signed by the requisite number. We must, therefore, for the present, assume that the supervisors determined the fact upon evidence before them, and, for the reasons stated, their action cannot be reviewed by certiorari.

The order of the Appellate Division should be affirmed, with costs.

All concur, except Gray, J., absent, and Martin, J., not voting.

Order affirmed.