he walked from the road in the dark into a little ravine, some distance from the bridge, and arrived at about the spot where his feet rested, and fell, and contends that there is no evidence, but only conjecture, as to how he came there and met his death.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Pyrke & Dudley (Berne A. Pyrke, of counsel), for appellants.

Smith & Wicks (Frederick A. Wicks, of counsel), for respondent.

JOHN M. KELLOGG, J. There is an entire absence of proof as to how the deceased came in the water, or what care he took, or how negligent he was. We are left entirely to conjecture as to the cause of his death, or his actions. The court held there was no evidence tending to show that he exercised due care. It is difficult to see how a man as familiar with the place as he was could fall or get into the river there with the exercise of due care. He knew the situation and the danger. He knew it was dark, the narrowing of the road, and the turn in the walk. In Peaslee v. Town of Chatham, 69 Hun, 389, 23 N. Y. Supp. 628, a very similar case, the complaint was dismissed. There the decedent was 78 years old, and more likely with due care to stumble and fall on a dark and rainy night than a young man. It would seem that a young man accustomed to the place would not naturally go off or fall off the abutment or approach to this bridge if he were exercising due care. In Irish v. Union Bag & Paper Company, 103 App. Div. 46, 92 N. Y. Supp. 695, there was no reason why the intestate should apprehend danger, and the injury might well have occurred from the improperly insulated wire, even though he were exercising all the care the known situation seemed to demand from the most careful person. He was a prudent and sober man, and the nature and extent of the danger was not apparent to him. Here it cannot well be seen how the decedent came to his death without some fault or carelessness upon his part.

The judgment is affirmed, with costs. All concur.

---

KNOWLES v. BOARD OF SUP'RS OF CHEMUNG COUNTY et al.

(Supreme Court, Appellate Division, Third Department. March 13, 1906.)

COUNTIES—BOARD OF SUPERVISORS—POWERS—STATUTORY PROVISION.

Under County Law, Laws 1892, p. 1759, c. 686, § 63, authorizing the board of supervisors of any county to pay not exceeding $2,000 in any one year to any town which it may deem unreasonably burdened by its indebtedness for the construction and repair of bridges, the board of supervisors may authorize payment of the sum within the limit prescribed for the payment of a bonded indebtedness incurred by the town for the construction of a bridge.

Appeal from Special Term, Chemung County.

Action by Marcus M. Knowles against the board of supervisors of the county of Chemung and others. From the judgment in favor of plaintiff, defendants appeal. Reversed.

This is a taxpayer's action to restrain the payment of $1,000 by the county of Chemung to the town of Ashland in said county, under section 63 of the county law (chapter 686, p. 1759, Laws 1892), which reads as follows: "Sec. 63. County aid to towns for the construction and repair of bridges.—If the board of supervisors of any county shall deem any town in the county to be unreasonably burdened by its expenses for the construction and repair of its bridges, the board may cause a sum of money, not exceeding $2,000 in any one year, to be raised by the county and paid to such town to aid in defraying such expenses." The complaint alleges that pursuant to a resolution of the board of supervisors, the town duly issued its bonds for $15,000, payable $1,000 yearly from February 1, 1904, sold them and used the proceeds for the purpose of paying the cost and expenses of the construction of a bridge in said town pursuant to said resolution; that December 20, 1904, the board of supervisors passed a resolution (fully set forth) reciting that said town had been unreasonably burdened by the expense for construction and repairs of bridges, the cost of which is estimated at $15,000, and directed a sum sufficient to pay the bond due February 1, 1905, to be raised by the county for the purpose of relieving said town, and that an order be drawn for $1,000 to the supervisor of the town to aid in defraying said expenses, and on December 29, 1904, the board of supervisors passed a resolution reciting the above action; and that by error the budget as made up did not include said amount, and directed the clerk of the board of supervisors to draw a check for the amount, to be paid to the supervisor of the said town, by the county treasurer, from any money in his hands not otherwise appropriated. The complaint also alleged facts showing the right of the plaintiff as a taxpayer to maintain the action, and that equitable relief was necessary. The sufficiency of the complaint depends upon the power of the board of supervisors to pass the resolution, which is attacked solely on the ground that in fact it appropriated money to help to pay the bonded indebtedness of the town and not to aid in defraying the cost and expenses of constructing a bridge. In other words that the action of the board must be taken, if at all, at or before the time the bridge is constructed, and cannot be taken to help pay a bonded indebtedness incurred by paying the cost of such construction.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Frank F. Aldrich, for appellants.
Richard H. Thurston, for respondent.

JOHN M. KELLOGG, J.   The policy of this state has always been to require the town to construct and maintain its bridges, but when an unreasonable burden has been put upon a town by the cost of such construction and maintenance, to provide relief in some way by the county for a part or all of such unreasonable cost.   Hill v. Board of Supervisors, 12 N. Y. 52.   The legislative power to put the burden upon the town, and to provide relief by the county where the burden is unreasonable, is unquestioned and nearly unlimited, and instead of legislating in what particular cases the county should come to the relief of the town, the Legislature has properly delegated that matter to the local Legislature in each county, which, by its familiarity with the situation, can probably bring about more equitable results than could be accomplished by a general law intended to meet special cases only.   And when it delegated its powers to the board of supervisors, it gave full and ample power upon the subject, only limited by the terms of the statute delegating the power.   People ex rel. O'Connor v. Supervisors, 153 N. Y. 370, 47 N. E. 790; People ex rel. Wakely v. McIntyre, 154 N. Y. 628, 49 N. E. 70.

Section 63, above quoted, does not in terms or spirit limit the power of relief to cases where the bridge is to be built, or for the cost and expenses to be incurred after the action of the supervisors. It rather assumes that the bridge is built, the expense incurred and the burden already on the town when the supervisors determine that such burden is unreasonable. If the bridge is being built the town is burdened by its probable cost; if actually built, by its actual cost. The present existence of the burden on the town gives to the board jurisdiction to act, and its determination that it is an unreasonable burden gives it full power to grant relief within the prescribed limit. In this case the town expended $15,000 to build this bridge, and the board deemed it an unreasonable burden that the town must raise by taxation that amount for that purpose. The relief is intended to benefit the taxpayer of the town by helping to pay for the bridge. The construction of the bridge alone caused the burden now upon the town. The bonds did not cause it. They are only the evidence of the town's indebtedness which never has been paid. The bridge company received the money furnished by the bondholders for the obligations of the town, and the town is now year by year paying the cost of the bridge. In practical life the difference between paying a debt and giving a note for it is easily apparent. We are not determining whether the board of supervisors, after it has paid $2,000 of this cost, has exhausted its power or not; but it is determined that the resolution in question is well within its power and is valid. It cannot be material, in determining the power to grant relief, whether the town built its bridge upon credit, by a sale of bonds, or exchanged its bonds with the bridge company for the bridge, or is indebted upon the original contract of construction—whether it carries a floating or bonded indebtedness for the cost. If the construction of the bridge causes and leaves an unreasonable burden upon the town to be met by taxation, then the county may take a part of the burden so caused from the town.

The judgment is reversed, with costs, and the defendants' demurrer is sustained, with costs. All concur.