■ In the Matter of JOSEPH WIGGINS, Respondent-Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, et al., Appellants-Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the City of New York finding petitioner guilty of certain charges and dismissing him from his employment, the parties cross-appeal from an amended judgment of the Supreme Court, Kings County (Pino, J.), dated July 31, 1980, which (1) set aside the determination of the board of education insofar as it dismissed petitioner from his position, and instead ordered his suspension for 30 days without pay, and (2) dismissed petitioner's "cause of action" based on an alleged jurisdictional defect with respect to the disciplinary proceeding. Amended judgment reversed, on the law, without costs or disbursements, petition granted, the determination of the board of education is annulled and it is directed that petitioner be reinstated to his position, with back pay from the date of his dismissal, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment benefits he may have received during such period. The failure of the hearing officer to make any recommendation of disciplinary action to the board constituted a jurisdictional infirmity (Civil Service Law, § 75, subd 2; see *Matter of Blount v Forbes,* 250 App Div 15). Mollen, P. J., Mangano, Gibbons and Thompson, JJ., concur.

■ In the Matter of YOUTH BUILDING CORPORATION, Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Board of Assessors of the County of Nassau denying petitioner's application for a real property tax exemption, petitioner appeals from a judgment of Supreme Court, Nassau County (Farley, J.), entered April 28, 1981, which, *inter alia,* dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, petition granted and respondent is directed to enter the subject property on the assessment roll as exempt from taxation and to refund to petitioner the real property taxes on the property that were paid by it. Since the statutory criteria of section 421 of the Real Property Tax Law were met, the exemption should have been granted (see *Matter of Erie County Agric. Soc. v Cluchey,* 40 NY2d 194; *Williams Institutional Colored M. E. Church v City of New York,* 275 App Div 311, 316, affd 300 NY 716; *People ex rel. Doctors Hosp. v Sexton,* 267 App Div 736, 740, affd 295 NY 553). Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.