■ In the Matter of JOSEPH WIGGINS, Respondent-Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the City of New York finding petitioner guilty of certain charges and dismissing him from his employment, the parties cross-appeal from an amended judgment of the Supreme Court, Kings County (Pino, J.), dated July 31, 1980, which (1) set aside the determination of the Board of Education insofar as it dismissed petitioner from his position, and instead ordered his suspension for 30 days without pay, and (2) dismissed petitioner's "cause of action" based on an alleged jurisdictional defect with respect to the disciplinary proceeding.

By order dated January 18, 1982, this court reversed the amended judgment and annulled the determination of the Board of Education and directed that petitioner be reinstated with back pay (*Matter of Wiggins v Board of Educ.*, 86 AD2d 614). By order of the Court of Appeals, dated December 1, 1983, the order of this court was reversed and the matter was remitted here "for further proceedings in accordance with the opinion herein" (*Matter of Wiggins v Board of Educ.*, 60 NY2d 385, 389).

Upon remittitur and review of the facts, amended judgment of the Supreme Court, Kings County, modified, on the law, by deleting the provision thereof which set aside the determination of the Board of Education insofar as it dismissed petitioner from his position and instead ordered his suspension for 30 days without pay, and substituting therefor a provision confirming the determination of the Board of Education dismissing petitioner from employment and dismissing the proceeding on the merits. As so modified, judgment affirmed, without costs or disbursements.

The penalty of dismissal was not an abuse of discretion (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Santarella v New York City Dept. of Correction*, 53 NY2d 948). Mollen, P. J., Mangano, Gibbons and Thompson, JJ., concur.