In the Matter of the Application of SAMUEL BLOUNT, Petitioner, for a Certiorari Order against RUSSELL FORBES, Commissioner of Purchase of the City of New York, Respondent.

First Department, February 11, 1937.

*Abraham J. Rosenblum*, for the petitioner.

*Edmund L. Palmieri* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

UNTERMYER, J. The petitioner, an honorably-discharged veteran with an unblemished record in the public service throughout a period of fourteen years, on December 31, 1935, was dismissed by the respondent from the position of stenographer and typist in the department of purchase of the city of New York. The dismissal followed written charges served on the petitioner alleging dereliction of duty in that during the period from October 1 to December 12, 1935, he had arrived at work late on specified dates, averaging nine and thirty-three one-hundredths minutes, or a total during that period of two hours and fifty minutes. (See Code of Ordinances of the City of New York, chap. 1, art. 2, § 8.) The hearing on the charges was held before the secretary of the department of purchase, at which time the petitioner, through his counsel, conceded that on the dates specified he had arrived at work at the times set forth in the charges. It was shown in extenuation, however, that during the same period the petitioner had worked overtime a total of eleven hours and thirty-five minutes, so that in actual time consumed in the business of the department he had far exceeded the prescribed hours of work. Nevertheless, the commissioner, influenced, perhaps, by the fact that the petitioner had received previous warnings on the subject of punctuality, dismissed him from the service. Whether we are at liberty to review the action of the commissioner or the extreme severity of the punishment notwithstanding the extenuating circumstances (See *People ex rel. Long* v. *Whitney*, 143 App. Div. 17; *People ex rel. Fallon* v. *Wright*, 7 id. 185; affd., 150 N. Y. 444), it is unnecessary to decide, for the record presents a jurisdictional infirmity which requires that the order of certiorari be sustained.

By section 22 of the Civil Service Law, the petitioner, a veteran, could be removed only " after a hearing upon due notice upon stated charges." By chapter 214 of the Laws of 1930, section 22 was amended by the addition of the following provisions: " Hearings upon charges pursuant to this subdivision shall be held by the

officer or body having the power to remove the person charged with incompetency or misconduct or by a deputy or other employee of such officer or body designated in writing for that purpose. In case a deputy or other employee is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body, and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision." We are of opinion that there has not been compliance with these requirements or at least that compliance has not been shown. The hearing in the present case was held before the secretary to the department of purchase and not by the commissioner. To confer power on the secretary to hear the proceeding, it was necessary that he should be " designated in writing for that purpose." To confer power on the commissioner to take action after such a hearing, it was necessary that the secretary refer the record of the hearing, " with his recommendations," to the commissioner for "review and decision." Yet neither of these requirements appear to have been observed. The order of certiorari directed the commissioner to return to the court " all and singular your proceedings, decision, and action in the premises with the dates thereof and all and singular evidence, documents, records, and all other papers before you, or which were submitted to you concerning the said matter, with your determination," and the commissioner's return sets forth that " this return and the schedules hereto annexed contain, as commanded by said order and directed by statute, all and singular the proceedings had herein by the Department of Purchase of the City of New York." We have searched these proceedings in vain either for written authorization by the commissioner to the secretary to hear the charges or for any recommendation by him to the commissioner concerning the disposition to be made. We think both of these requirements are jurisdictional and that failure to comply with either is fatal to the proceedings. (*People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156; *People ex rel. Dougan* v. *Greene*, 97 App. Div. 404.)

When a commissioner or his deputy undertakes the trial of a subordinate on charges, he constitutes a court of inferior jurisdiction. (*People ex rel. Hayes* v. *Waldo, supra; People ex rel. Dougan* v. *Greene, supra.*) No presumption exists in favor of the powers of such a body, but on the contrary, when challenged, it must demonstrate its jurisdiction. (*People ex rel. Allen* v. *Knowles,* 47 N. Y. 415; *People ex rel. Waldron* v. *Soper,* 7 id. 428; *Bullymore* v. *Cooper,* 46 id. 236; *People ex rel. Van Rensselaer* v. *Van Alstyne,* 32 Barb. 131; *Taber* v. *City of New Bedford,* 135 Mass. 162.) Conse-

quently, if the requirement of the statute that designation of a deputy shall be "in writing" or that the deputy shall refer the record of the hearing "with his recommendations" are jurisdictional, the secretary of the department, in the absence of a written designation, had no power to hear, and the commissioner, in the absence of recommendations by the secretary, had no power to act upon the charges against the petitioner.

We think these questions must be decided against the respondent both upon authority and in accordance with general principles of law. The statute under which the proceedings were conducted prescribes a written designation by the commissioner as a condition precedent to the exercise of jurisdiction by any subordinate. One of the reasons for this provision which immediately suggests itself is that it was deemed desirable that the authority of the subordinate to hear the charges should never be made the subject of controversy, if, indeed, it is important to consider at all the reasons which may have influenced the Legislature where its purpose is expressed in language which is not ambiguous. So, too, it was no doubt thought to be desirable that the deputy who had heard the charges should make recommendations before final action by the commissioner, who had had no opportunity to observe the witnesses.

It is true that the petitioner appeared for trial on the charges before the secretary of the department without contesting his jurisdiction. But, of course, he was justified in assuming, in the absence of any indication to the contrary, that authority to conduct the hearing had been delegated to him by the commissioner in the manner prescribed by law. Moreover, the total want of jurisdiction to entertain the proceeding would not be waived by failure to object upon that ground. (*People ex rel. Meyer* v. *Warden*, 269 N. Y. 426; *Benson* v. *Eastern Bldg. & Loan Assn.*, 174 id. 83, 86; *Matter of Langslow*, 167 id. 314, 321; *Cancemi* v. *People*, 18 id. 128; *Hughes* v. *Cuming*, 165 id. 91; *Oakley* v. *Aspinwall*, 3 id. 547.)

The order of certiorari should be sustained, the determination of the respondent annulled, and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order of certiorari unanimously sustained, the determination of the respondent annulled, and the petitioner reinstated, with fifty dollars costs and disbursements to the petitioner.