OPINION OF THE COURT

Per Curiam.

A hearing officer’s failure to include recommendations as to discipline when preparing his or her report after a disciplinary hearing pursuant to subdivision 2 of section 75 of the Civil Service Law, does not strip the appropriate body of jurisdiction to impose sanctions upon an employee. It was error, therefore, for the Appellate Division to order petitioner’s reinstatement on this ground.
Petitioner was hired as a motor vehicle operator by the board of education’s Office of Food Services on November 5, 1975. About two years later, respondent chancellor pre *387 ferred charges against petitioner, suspended him, and ordered him to report for reassignment. On June 8, 1978, petitioner was served with a notice of charges and specifications.
A full hearing was held over six days in June, July, and October, 1978. The hearing officer prepared a report on the evidence and his findings, but omitted any recommendation as to the sanction to be imposed. The board made some different factual findings not relevant to this appeal and ordered that petitioner be dismissed from employment.
Petitioner commenced this article 78 proceeding for review of the board’s action, asserting that it had no jurisdiction to consider the matter because of the omission in the hearing officer’s report, and that the sanction imposed was arbitrary and capricious. Special Term rejected the jurisdictional argument, but reduced the penalty to 30 days’ suspension without pay.
The Appellate Division reversed, granted the petition, and ordered petitioner reinstated. It concluded that the hearing officer’s failure to make any recommendation as to discipline prevented the board from obtaining jurisdiction and removing petitioner.
Subdivision 2 of section 75 of the Civil Service Law prescribes the basic procedure for hearing charges of misconduct levied against a civil servant. Among other things, it allows the officer or body having power to remove an employee to designate in writing a deputy or other person for the purpose of conducting the hearing. In addition, it provides that “[i]n case a deputy or other person is so designated, he shall * * * make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision” (Civil Service Law., § 75, subd 2).
In the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee (see Matter of Blount v Forbes, 250 App Div 15; Locust Club v City of Rochester, 48 Misc 2d 763, 767; Matter of Morrison v Moses, 172 Misc 129; cf. Matter of Klein v Department of Mental Hygiene, 15 AD2d 562 [matter remanded for evidence of written designation]). This is the *388 logical conclusion of the fact that, in the absence of a written designation, the deputy or other person has no power to conduct the hearing and, consequently, his or her report is a nullity. Without a report or other factual findings, the removing board or officer has no basis upon which to act and its determination, therefore, would unavoidably be arbitrary.
On similar reasoning, the complete absence of recommendations by the hearing officer would also render the removing entity powerless to impose sanctions (see Matter of Blount v Forbes, supra). Although there may have been a proper written designation, the removing board or officer would have no report on which to act and, again, its action would necessarily be arbitrary.
A different situation prevails when there is a valid delegation of power and the deputy or other person submits a report on all aspects of the matter except for recommending a penalty. Initially, it must be noted that the removing board or officer is free, within the confines of the evidence, to make new findings and to impose discipline other than that recommended by the hearing officer (see Matter of Simpson v Wolansky, 38 NY2d 391, 394). Consequently, the failure to recommend discipline is important only to the extent that it omits a suggested starting point from which the removing entity may begin to fashion the appropriate sanction. This “defect” is hardly serious enough to warrant annulling the entire proceeding and directing reinstatement.
To contrast the situation, reference is made to subdivision 4 of section 3020-a of the Education Law, which requires the employing board to implement the recommendations of the hearing panel, including any penalty or punishment that the panel deems should be imposed. Inasmuch as an employing board has no discretion under that statute, the failure to include a recommendation for punishment would be jurisdictionally fatal to any attempt by the board to impose a penalty.
A disciplinary proceeding will be voided and the status quo ante restored when there has been some error that taints the entire proceeding. This would not be an isolated mistake, but rather would strike at fundamental concerns *389 such as jurisdiction or bias of the presiding officers (see, e.g., Matter of Sinicropi v Milone, 80 AD2d 609; Matter of Klein v Department of Mental Hygiene, 15 AD2d 562, supra; Matter of Blount v Forbes, 250 App Div 15, supra; Locust Club v City of Rochester, 48 Misc 2d 763, supra; see, also, People ex rel. Hayes v Waldo, 212 NY 156, 173). In other words, these are errors that undermine the validity of the whole proceeding because they call into question the power or neutrality of the hearing officer or removing entity or because they effectively preclude any meaningful judicial review. This situation simply does not arise when a hearing officer acts pursuant to a valid delegation, prepares a detailed report, and provides it along with a transcript to the removing board or officer, but omits including recommendations as to discipline.
Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, without costs, and the matter remitted to the Appellate Division for determination of the issues not reached in the appeal to that court.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment appealed from and order of the Appellate Division brought up for review reversed, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.