◼ In the Matter of VICTOR G. SALLEY, Appellant, v HEMP-STEAD SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated July 19, 1984, which, after a hearing, terminated the petitioner's employment as a school custodian, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated February 5, 1985, which dismissed the proceeding.

Appeal dismissed, without costs or disbursements, and judgment dated February 5, 1985, vacated.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

One of the issues raised in the petition was whether the respondent's determination was supported by substantial evidence, and the proceeding should therefore have been transferred to the Appellate Division for disposition (CPLR 7804 [g]). This court is empowered to treat the matter as if it had been properly transferred in the first instance. Hence, our review treats the matter as an original proceeding *(see, Matter of Central Nyack Fire Dist. v Valley Cottage Fire Dist.,* 101 AD2d 886; *Matter of O'Donnell v Rozzi,* 99 AD2d 494; *Matter of Rivera v Beekman,* 86 AD2d 1, 5).

There was substantial evidence to support the determination *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Additionally, there is no merit to the petitioner's contention that the determination must be annulled by reason of the respondent's alleged failure to designate a hearing officer in writing *(see,* Civil Service Law § 75 [2]; *Matter of Wiggins v Board of Educ.,* 60 NY2d 385). The written record of the adoption by the respondent of the resolution appointing the hearing officer in this matter fully satisfies that requirement. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.