■ In the Matter of JOSEPH BOZEMAN, Petitioner, v VILLAGE OF GREENPORT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Village of Greenport, dated October 15, 1987, which, after a hearing, terminated the petitioner's employment as a maintenance mechanic as of May 7, 1987.

Adjudged that the petition is granted, with costs, to the extent that the determination is annulled and the matter is remitted to the respondent for a new hearing and determination with respect to the charges and a determination of the amount of back pay to which the petitioner is entitled pursuant to Civil Service Law § 77.

During the administrative hearing in the instant case, the Hearing Officer designated in writing by the respondent disqualified himself and orally designated as Hearing Officer another person who was seated in the hearing room. There was no evidence that the designation of the second Hearing Officer was in writing in compliance with Civil Service Law § 75 (2). In *Matter of Wiggins v Board of Educ.* (60 NY2d 385, 387-388), the Court of Appeals stated, construing Civil Service Law § 75 (2), that "[i]n the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee * * *. This is the logical conclusion of the fact that, in the absence of a written designation, the deputy or other person has no power to conduct the hearing and, consequently, his or her report is a nullity." The respondent referred us to our prior decision in *Matter of Salley v Hempstead School Dist.* (121 AD2d 547). That decision is, however, inapposite, since in that case there was a written record of a resolution appointing the Hearing Officer. In the case at bar, there exists no designation in writing of the second Hearing Officer and therefore there was an entire absence of jurisdiction to conduct the hearing or discipline the petitioner. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.