■ In the Matter of HILTON PEREZ, JR., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [665 NYS2d 714] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Labor which, *inter alia*, found petitioner guilty of certain charges of misconduct.

Although conceding that respondent Commissioner of Labor, who personally issued the charges against petitioner and was a material witness at the disciplinary hearing, should have recused himself from reviewing the recommendations of the Hearing Officer and acting on the charges (*see, Matter of Ernst v Saratoga County*, 234 AD2d 764, 767-768; *Matter of Lowy v Carter*, 210 AD2d 408, 409), respondents nonetheless contend that the appropriate remedy is to remit for a de novo determination. Petitioner, noting that the record is devoid of a written designation appointing the Hearing Officer who presided over this matter (*see*, Civil Service Law § 75 [2]), asserts that respondents lacked jurisdiction to maintain the initial disciplinary proceeding against him and, hence, there is no basis upon which to remit. In our view, petitioner's argument has merit.

The Court of Appeals has held that "[i]n the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee" (*Matter of Wiggins v Board of Educ.*, 60 NY2d 385, 387; *see, Matter of Bozeman v Village of Greenport*, 154 AD2d 372, *lv denied* 75 NY2d 703). Here, although the director of employee relations for respondent

Department of Labor advised the Hearing Officer in a November 1995 letter that he would be transmitting a letter of designation from the Commissioner in the near future, no such designation appears in the record and, apart from asserting that the November 1995 letter constituted sufficient notice, respondents do not even contend that such a designation exists. To the extent that respondents assert that petitioner has waived his objection to the lack of subject matter jurisdiction, we find this argument to be meritless (see, Matter of Blount v Forbes, 250 App Div 15, 18; see also, Matter of City of Schenectady v New York State Pub. Empl. Relations Bd., 132 AD2d 242, 244, lv denied 71 NY2d 803). Accordingly, the petition should be granted to the extent of restoring petitioner to his former position, together with back pay and benefits (see generally, Matter of Wiggins v Board of Educ., supra, at 388-389 ["A disciplinary proceeding will be voided and the status quo ante restored when there has been some error that taints the entire proceeding * * * such as jurisdiction"]).

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted to the extent that petitioner is restored to his former position with back pay and benefits.