■ In the Matter of WILLIAM J. STEIN, Respondent, v COUNTY OF ROCKLAND et al., Appellants. [686 NYS2d 460] —In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Department of Highways of Rockland County, which, after a hearing, terminated the petitioner's employment, the County of Rockland and A. Douglas Jobson appeal from (1) so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated May 28, 1997, as denied their motion to dismiss the petition in its entirety, and (2) a judgment of the same court, dated September 26, 1997, which granted the petition and annulled the Superintendent's determination.

Ordered that the appeal from the order is dismissed, as no appeal lies of right from an intermediate order in a proceeding pursuant to CPLR article 78; and it is further,

Ordered that the judgment is vacated, on the law; and is further,

Adjudged that the petition is granted, on the law and on the facts, the determination is annulled, and the matter is remitted to the Superintendent of the Department of Highways of Rockland County for a new hearing and determination with respect to the charges; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The issues raised on appeal from the order are brought up

for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated that proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to the Appellate Division (*see, Matter of Steck v Jorling,* 219 AD2d 727; *Matter of G & G Shops v New York City Loft Bd.,* 193 AD2d 405). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter de novo (*see, Matter of Steck v Jorling, supra; Matter of G & G Shops v New York City Loft Bd., supra*).

The petitioner's employment was terminated after a disciplinary hearing in which he was found to have struck a fellow employee. On the second day of the hearing, the petitioner objected to the lack of a proper, written designation of the Hearing Officer as required by Civil Service Law § 75 (2), arguing that the Hearing Officer did not have jurisdiction to hear testimony in the matter. The Superintendent of the Department of Highways (hereinafter the Superintendent) thereafter provided the Hearing Officer with a new written designation, and the hearing continued. "In the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee" (*Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 387; *see, Matter of Bozeman v Village of Greenport,* 154 AD2d 372; *see also, Matter of Perez v New York State Dept. of Labor,* 244 AD2d 844). Without a written designation, the deputy or other person has no power to conduct the hearing and, consequently, his or her report is a nullity (*see, Matter of Wiggins v Board of Educ., supra,* at 388). Here, inasmuch as the Hearing Officer specifically stated in his recommendations that he credited the testimony of the two witnesses who testified on the first day of the hearing, his report is fatally defective (*see, Matter of Wiggins v Board of Educ., supra; see, Matter of Bozeman v Village of Greenport, supra*).

The determination must be annulled on the further ground that the Superintendent should have disqualified himself from making the final determination because of his personal involvement in the case. "It is beyond dispute that an impartial decision maker is a core guarantee of due process, fully applicable to adjudicatory proceedings before administrative agencies" (*Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,*

75 NY2d 158, 161; *see, Matter of General Motors Corp. v Rosa,* 82 NY2d 183, 188; *Matter of Brundage v Yonkers Parking Auth.,* 220 AD2d 411). The Superintendent was present when the incident in this case occurred and he made a statement as to what he heard and saw. Furthermore, he conducted the initial investigation, preferred the charges against the petitioner, and appointed the Hearing Officer. Because of his personal involvement with the case, the Superintendent should have disqualified himself from reviewing the recommendation of the Hearing Officer and acting on any of the charges (*see, Matter of Brundage v Yonkers Parking Auth., supra; Matter of Lowy v Carter,* 210 AD2d 408; *Matter of Cafaro v Pedersen,* 123 AD2d 860).

In light of the above, we do not reach the parties' remaining contentions. Santucci, J. P., Joy, Altman and Luciano, JJ., concur.