■ In the Matter of TEAMSTER LOCAL UNION No. 182, on Behalf of ABDUL VOHID, et al., Respondents, v UPPER MOHAWK VALLEY REGIONAL WATER BOARD, Appellant. (Appeal No. 1.) [688 NYS2d 310] —Judgment unanimously affirmed with costs. Memorandum: Respondent instituted a disciplinary proceeding against its employee, petitioner Abdul Vohid, based upon charges of misconduct. Following a hearing on the charges, respondent terminated Vohid's employment. Petitioners commenced this CPLR article 78 proceeding challenging the determination on the ground that, because the Hearing Officer who presided at the hearing was not designated in writing (*see,* Civil Service Law § 75 [2]), respondent lacked jurisdiction to maintain the disciplinary proceeding or impose sanctions against Vohid.

Supreme Court properly granted the petition. "In the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee" (*Matter of Wiggins v Board of Educ.*, 60 NY2d 385, 387; *see, Matter of Perez v New York State Dept. of Labor*, 244 AD2d 844; *Matter of Blount v Forbes*, 250 App Div 15, 17-18). The letter notifying Vohid of the charges and the name of the Hearing Officer does not satisfy the statutory requirement of a written delegation of authority (*cf., Matter of Perez v New York State Dept. of Labor, supra*, at 844-845; *Matter of Salley v Hempstead School Dist.*, 121 AD2d 547, 548).

Following entry of the judgment granting the petition, respondent moved for renewal or reargument based upon its

belated discovery of the letter of designation in Vohid's personnel file. Although the court erroneously determined that the motion should be treated as one for reargument rather than renewal (*see, Foley v Roche*, 68 AD2d 558, 567-568), it properly denied the motion on the ground that respondent offered no valid excuse for failing to submit the letter when its jurisdiction was originally challenged (*see, Matter of Dyer v Planning Bd.*, 251 AD2d 907, *appeal dismissed* 92 NY2d 1026; *Matter of Hurley v Avon Cent. School Dist.*, 187 AD2d 983; *Foley v Roche, supra*, at 568).

Those portions of respondent's proposed record on appeal that were directed to be deleted in the order settling the record have been included in the stipulated record on appeal. As a result, no controversy remains with respect to the order settling the record and the appeal from that order is therefore dismissed as moot (*see, Dworsky v Murphy*, 98 AD2d 917; *Nassau Trust Co. v Filderman*, 52 AD2d 588). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—CPLR art 78.) Present—Denman, P. J., Green, Pine, Lawton and Hurlbutt, JJ.