■ In the Matter of ROBERT PIECZONKA, Petitioner, v ERNEST J. JEWETT, as Mayor of Village of Blasdell, et al., Respondents. [709 NYS2d 302] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondents finding him guilty of various charges and terminating his employment with respondent Village of Blasdell. He contends that respondents failed to comply with Civil Service Law § 75 (2) and thus lacked jurisdiction, that the determination is not supported by substantial evidence and that the penalty is excessive. Because resolution of the issue with respect to Civil Service Law § 75 (2) would not have "terminate[d] the proceeding" within the meaning of CPLR 7804 (g) (*see, Matter of Ocean v Selsky*, 252 AD2d 984; *Matter of G & G Shops v New York City Loft Bd.*, 193 AD2d 405), Supreme Court erred in deciding that issue. "The matter now being before us, however, we may decide the issue de novo" (*Matter of Ocean v Selsky, supra*, at 985).

We agree with petitioner that respondents failed to comply with Civil Service Law § 75 (2), which provides in relevant part that the hearing on the charges preferred against the employee "shall be held by the officer or body having the power to remove

the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose." "In the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee" (*Matter of Wiggins v Board of Educ.*, 60 NY2d 385, 387). Contrary to respondents' contention, the letter sent to petitioner informing him of the date, time and location of the hearing and the name of the Hearing Officer does not constitute the requisite written delegation of authority (*see, Matter of Teamster Local Union No. 182 v Upper Mohawk Val. Regional Water Bd.*, 259 AD2d 1008). We therefore annul the determination and grant the petition. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Sedita, Jr., J.) Present—Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.