■ In the Matter of MICHAEL PAYTON, Petitioner, v BUFFALO CITY SCHOOL DISTRICT, Respondent. [750 NYS2d 248] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (O'Donnell, J.), entered February 1, 2002, seeking to annul a determination of respondent after a hearing.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law with costs and the petition is granted in part in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination, after a hearing conducted by a Hearing Officer, finding petitioner guilty of misconduct and terminating his employment as a teacher's aide. We agree with petitioner that respondent failed to comply with Civil Service Law § 75 (2) and thus lacked jurisdiction to discipline him. Section 75 (2) provides in pertinent part that a hearing on charges preferred against an employee "shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose." "In the absence of a written delegation authorizing a deputy or other person to conduct the hearing, the removing board or officer has no jurisdiction to discipline an employee" (*Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385, 387; *see Matter of Pieczonka v Jewett*, 273 AD2d 842, 843; *Matter of Teamster Local Union No. 182 v Upper Mohawk Val. Regional Water Bd.*, 259 AD2d 1008, 1008). There is no evidence in the record of a written delegation by respondent authorizing the Hearing Officer to conduct petitioner's hearing. We therefore annul the determination and grant the petition in part by reinstating petitioner with back pay and benefits without prejudice to further proceedings by respondent. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.