In the Matter of JEAN McCOMB, Respondent, v ANNE REASONER et al., Appellants, et al., Defendant. [851 NYS2d 878]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Budget Director of the City of White Plains dated August 2, 2004, which adopted the recom-

mendation of a hearing officer dated January 2, 2004, made after a hearing, and confirmed by a "final and binding determination" of an arbitrator dated July 23, 2004, finding that the petitioner was guilty of two charges of "insubordination and/or misconduct," and one charge of "neglect of duty and/or incompetence," and terminating her employment, Anne Reasoner, Joseph M. Delfino, and the City of White Plains, N.Y., appeal from a judgment of the Supreme Court, Westchester County (Dickerson, J.), dated October 27, 2006, which granted the petition, annulled the determination, and reinstated the petitioner with back pay.

Ordered that the judgment is affirmed, with costs.

The petitioner Jean McComb was appointed Deputy Budget Director for the City of White Plains by Eileen M. Earl, the City's Budget Director. Based, inter alia, on allegations of misconduct made by both Earl and Chief Deputy Budget Director Anne Reasoner, the City's Mayor Joseph M. Delfino preferred charges against the petitioner, and, in writing, designated David N. Stein to conduct a disciplinary hearing, make findings of fact and a recommendation as to any discipline. During the hearing, both Earl and Reasoner testified that the petitioner had made threats of physical violence against each of them. After Stein conducted the hearing for six days, the petitioner moved to dismiss the charges pending against her, arguing that Stein was without authority to preside over the hearing because neither Earl nor Reasoner had delegated authority to him to act as a hearing officer, and no one else had that authority. Stein denied the motion and completed the hearing, finding the petitioner guilty of two charges of "insubordination and/or misconduct," and one charge of "neglect of duty and/or incompetence," and recommending her termination. Thereafter, Mayor Delfino, rather than rendering a final determination himself, designated arbitrator Martin F. Scheinman to review the hearing testimony and Stein's findings and recommendations, and to render "a final and binding" determination. In his "final and binding determination" dated July 23, 2004, Scheinman adopted Stein's findings and recommendations, and directed the termination of the petitioner's employment. By letter dated August 2, 2004, Reasoner, who, by that time, had become the Budget Director, notified the petitioner that she was terminated in accordance with Scheinman's determination.

The petitioner commenced the instant CPLR article 78 proceeding, contending, inter alia, that Mayor Delfino improperly designated both Stein as the hearing officer to conduct the hearing on the charges, and Scheinman as the ultimate decision

maker, and that therefore, the hearing was held, and the final determination rendered, without jurisdiction. The Supreme Court granted the motion of Reasoner, Mayor Delfino, and the City pursuant to CPLR 3211 to dismiss the petition based on an objection in point of law, specifically, that the petition failed to state a cause of action. However, upon the petitioner's appeal, this Court held, among other things, that the petition stated valid causes of action alleging that the designations of Stein as hearing officer and Scheinman as final decision maker were without authority (*see Matter of McComb v Reasoner*, 29 AD3d 795, 798-800 [2006]). This Court remitted the proceeding to the Supreme Court to allow an answer to be interposed (*id.*). Subsequently, in a judgment entered October 27, 2006, the Supreme Court granted the petition, annulled the determination, and reinstated the petitioner with back pay. This appeal ensued.

The affidavits submitted by the appellants upon remittitur to the Supreme Court were insufficient to establish either that Earl and Reasoner were unavailable to designate the hearing officer, or that the Mayor had any authority to delegate his final decision-making authority to an arbitrator with no connection to the City. Therefore, the Supreme Court properly granted the petition. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.