■ In the Matter of JOEL STAFFORD, Appellant, v BOARD OF EDUCATION OF THE MOHONASEN CENTRAL SCHOOL DISTRICT, Respondent. [877 NYS2d 503]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered June 19, 2008 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to, among other things, reinstate petitioner to his former position.

Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination finding him guilty of various charges of misconduct and incompetence and terminating his employment as a school custodian. He contends that the determination must be annulled because the record does not include respondent's written delegation authorizing his disciplinary hearing to be conducted by a hearing officer (see Civil Service Law § 75 [2]) and because the charges against him were preferred by respondent's superintendent and not by respondent itself. Finding no merit to either contention, we affirm Supreme Court's dismissal of the petition.

At the commencement of petitioner's January 24, 2007 disciplinary hearing, numerous exhibits were jointly introduced into evidence, including a letter addressed to the subject Hearing Officer on school district letterhead (cf. Matter of Pieczonka v Jewett, 273 AD2d 842, 843 [2000]; Matter of Teamster Local Union No. 182 v Upper Mohawk Val. Regional Water Bd., 259 AD2d 1008 [1999]) and signed by respondent's superintendent advising that, at a December 4, 2006 board meeting (cf. Matter of Stein v County of Rockland, 259 AD2d 552, 553 [1999]), respondent designated him to conduct petitioner's Civil Service Law § 75 disciplinary hearing (cf. Matter of Melendez v Board of Educ. of Yonkers City School Dist., 34 AD3d 814 [2006]; Matter of McComb v Reasoner, 29 AD3d 795, 798-799 [2006]). While petitioner correctly notes that, "[i]n the absence of a written delegation authorizing a deputy or other person to conduct [a]

hearing, the removing board or officer has no jurisdiction to discipline an employee" (*Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385, 387 [1983]; *see Matter of Perez v New York State Dept. of Labor*, 244 AD2d 844, 844-845 [1997]), we find this jointly-admitted letter was sufficient evidence of a written delegation by respondent prior to the hearing authorizing the subject Hearing Officer to conduct it such that the mandates of Civil Service Law § 75 (2) were satisfied (*cf. Matter of Melendez v Board of Educ. of Yonkers City School Dist.*, 34 AD3d at 814; *Matter of McComb v Reasoner*, 29 AD3d at 798; *Matter of Payton v Buffalo City School Dist.*, 299 AD2d 825, 826 [2002]; *Matter of Pieczonka v Jewett*, 273 AD2d 842, 843 [2000]; *Matter of Teamster Local Union No. 182 v Upper Mohawk Val. Regional Water Bd.*, 259 AD2d at 1008; *Matter of Stein v County of Rockland*, 259 AD2d at 553; *Matter of Perez v New York State Dept. of Labor*, 244 AD2d at 844-845).*

Finally, upon our review of Civil Service Law § 75 (2), which "does not specify by whom charges are to be preferred" against an employee (*Matter of McComb v Reasoner*, 29 AD3d at 798), we are unpersuaded by petitioner's additional argument that respondent's superintendent was not an authorized officer to prefer the charges against him (*see id.*). To the contrary, preferring charges against a school district employee is entirely consistent with the powers and duties of a school superintendent (*see* Education Law § 1711 [2] [e]).

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* In addition to this letter, additional proof of the requisite written delegation of authority is contained in the record. In answering the petition, respondent submitted a copy of the December 4, 2006 meeting minutes reflecting respondent's decision to designate the subject Hearing Officer to conduct petitioner's hearing, as well as affidavits from its president and superintendent outlining the administrative steps which led to same (*cf. Matter of McComb v Reasoner*, 48 AD3d 815, 817 [2008], *lv denied* 11 NY3d 709 [2008]; *see generally Matter of Teamster Local Union No. 182 v Upper Mohawk Val. Regional Water Bd.*, 259 AD2d at 1008-1009; *Matter of Salley v Hempstead School Dist.*, 121 AD2d 547 [1986]).