■ In the Matter of A. DENNIS GARDNER, Petitioner, v COXSACKIE-ATHENS CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [939 NYS2d 149]—

Spain, J.

Initially, we agree with Supreme Court that the four-month statute of limitations to commence this CPLR article 78 proceeding was extended for 30 days upon filing a notice of claim under Education Law § 3813 (1) and, therefore, the instant petition was timely (*see Matter of Brown v Schuyler-Chemung-Tioga Bd. of Coop. Educ. Servs.*, 5 AD3d 939, 940 [2004]). In light of the clear language of the Education Law staying the limitations period under these circumstances, respondent's policy arguments that the stay should not apply in this case reflect arguments more properly advanced to the Legislature.

Civil Service Law § 75 (2) mandates that an employee disciplinary proceeding "shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a . . . person designated by such officer or body in writing" (Civil Service Law § 75 [2]; *accord Matter of Gomez v Stout*, 13 NY3d 182, 186 [2009]; *see Matter of Perryman v Village of Saranac Lake*, 64 AD3d 830, 832 [2009]). In the absence of a written designation, the removing body or hearing officer has no jurisdiction to discipline an employee and any disposition flowing from such a proceeding will be void (*see Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385, 387-388 [1983]; *Matter of Perez v New York State Dept. of Labor*, 244 AD2d 844, 844-845 [1997]).

Here, respondent has provided no evidence that it ever designated the Hearing Officer in writing as required by Civil Service Law § 75 (2) (*compare Matter of Perryman v Village of Saranac Lake*, 64 AD3d at 832-833 [designation of hearing officer reflected in minutes of board meeting]; *Matter of Stafford v Board of Educ. of Mohonasen Cent. School Dist.*, 61 AD3d 1259, 1259-1260 [2009], *lv denied* 13 NY3d 704 [2009] [designation of hearing officer memorialized in letter referencing appointment of hearing officer at board meeting]). Although respondent argues that petitioner had notice of the Hearing Officer's identity because its attorney copied petitioner on an e-mail to the Hearing Officer establishing the time and date of the hearing, such correspondence does not reference any official designation of the Hearing Officer by respondent and, as such, is insuf-

ficient to meet the specific requirement of Civil Service Law § 75 (2) (*see Matter of Perez v New York State Dept. of Labor*, 244 AD2d at 844-845). In addition, this jurisdictional defect could not be waived by petitioner's failure to object (*see id.* at 845; *Matter of Blount v Forbes*, 250 App Div 15, 18 [1937]). Accordingly, the Hearing Officer's determination and respondent's adoption thereof must be annulled and petitioner restored to his former position, with back pay and benefits (*see Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d at 387-388; *Matter of Perez v New York State Dept. of Labor*, 244 AD2d at 845).

Mercure, A.P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted to the extent that petitioner is restored to his former position with back pay and benefits.