■ In the Matter of D. RICHARD ARTHUR, Petitioner, v P. DAVID SOARES, as District Attorney of Albany County, Respondent. [945 NYS2d 782]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner's employment.

Petitioner is the former Director of Administration in the office of respondent, the Albany County District Attorney. In April 2009, respondent suspended petitioner from that position with pay and, in June 2009, charged petitioner with misconduct, insubordination and incompetence. The charges alleged that petitioner delegated job responsibilities without authorization and failed to comply with a directive to resume those duties, misrepresented his job duties in a letter to the United States Department of Justice, and mismanaged financial transactions, thereby jeopardizing the District Attorney's office.* Respondent claims that he designated the Albany County Commissioner of Social Services to be the Hearing Officer in the Civil Service Law § 75 disciplinary proceeding against petitioner. The Hear-

---

* We reject petitioner's argument that the last charge was untimely (*see* Civil Service Law § 75 [4]); "[t]he relevant measuring date" for statute of limitations purposes "is service of the first set of charges and specifications" (*Matter of Mikoleski v Bratton*, 249 AD2d 83, 84 [1998]).

ing Officer found petitioner guilty of the charges and recommended termination, and respondent thereafter adopted that recommendation, prompting this CPLR article 78 proceeding. Because the record evinces that the Hearing Officer lacked jurisdiction, did not properly weigh the evidence, and failed to adequately detail the specific factual findings and hearing evidence relied upon, we are constrained to annul the determination and reinstate petitioner to his position, with back pay and benefits.

Pursuant to Civil Service Law § 75 (2), a hearing on employee disciplinary charges "shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a . . . person designated by such officer or body in writing for that purpose." It is well settled that absent "a written delegation authorizing a deputy or other person to conduct the hearing, the removing [body] or officer has no jurisdiction to discipline an employee" (*Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385, 387 [1983]; *see Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ.*, 92 AD3d 1093, 1094 [2012]). This Court has previously determined that the requirements of Civil Service Law § 75 (2) are satisfied by a written record of such designation, such as the minutes of a board meeting at which a resolution was adopted appointing the hearing officer, or a letter to the hearing officer advising him or her that the official designation has taken place (*see Matter of Perryman v Village of Saranac Lake*, 64 AD3d 830, 832-833 [2009]; *Matter of Stafford v Board of Educ. of Mohonasen Cent. School Dist.*, 61 AD3d 1259, 1259-1260 [2009], *lv denied* 13 NY3d 704 [2009]; *see also Matter of Salley v Hempstead School Dist.*, 121 AD2d 547, 548 [1986]); correspondence to the hearing officer that does not reference the official designation is insufficient, as is written notice to the petitioner of the hearing officer's identity (*see Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ.*, 92 AD3d at 1094-1095; *Matter of Pieczonka v Jewett*, 273 AD2d 842, 843 [2000]; *Matter of Teamster Local Union No. 182 v Upper Mohawk Val. Regional Water Bd.*, 259 AD2d 1008, 1008 [1999]; *Matter of Perez v New York State Dept. of Labor*, 244 AD2d 844, 844-845 [1997]).

There is no evidence in the record on appeal that respondent ever designated the Hearing Officer in a writing sufficient to satisfy the statutory requirement. Respondent's reference to the designation in the notice of charges sent to petitioner is not sufficient in the absence of any evidence of the written designation itself (*see Matter of Pieczonka v Jewett*, 273 AD2d at 843; *Matter of Teamster Local Union No. 182 v Upper Mohawk Val.*

*Regional Water Bd.*, 259 AD2d at 1008; *see also Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ.*, 92 AD3d at 1094-1095). While such notice to the petitioner has been deemed to satisfy the statutory mandate when the respondent separately issues a written resolution incorporating the notice by reference (*see Matter of Scharf v Levittown Union Free School Dist.*, 294 AD2d 508, 509 [2002], *lv denied* 98 NY2d 613 [2002]), respondent provides us with no evidence of any written document doing so here.

Petitioner's failure to object to the absence of such written designation is of no moment, inasmuch as this jurisdictional defect cannot be waived (*see Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ.*, 92 AD3d at 1095; *see also Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d at 388-389). Because the Hearing Officer lacked jurisdiction to conduct the hearing, his determination and respondent's adoption thereof are nullities. Accordingly, petitioner must be restored to his former position with back pay and benefits (*see Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d at 388-389; *Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ.*, 92 AD3d at 1095; *Matter of Perez v New York State Dept. of Labor*, 244 AD2d at 845).

Should any further proceedings be commenced against petitioner, we note that although courts employ the substantial evidence standard of review in resolving challenges to Civil Service Law § 75 determinations, the hearing officer does not review an employer's disciplinary actions against a public employee to determine whether those actions were undertaken based upon substantial evidence, as occurred here; rather, it remains the responsibility of the hearing officer to weigh the evidence and resolve credibility determinations (*see e.g. Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981 [1983]; *Matter of Perryman v Village of Saranac Lake*, 64 AD3d at 834-835). Further, "administrative findings of fact must be made in such a manner that the parties may be assured that the decision is based on the evidence in the record, uninfluenced by extralegal considerations, so as to permit intelligent challenge by an aggrieved party and adequate judicial review" (*Matter of Langhorne v Jackson*, 206 AD2d 666, 667 [1994]; *see Matter of Simpson v Wolansky*, 38 NY2d 391, 396 [1975]). Inasmuch as the Hearing Officer failed to adequately detail the specific factual findings and hearing evidence relied upon to support the determination of guilt here, remittal would be required for the development of appropriate findings even if jurisdiction had been properly

conferred (*see Matter of Collins v Parishville-Hopkinton Cent. School Dist.*, 256 AD2d 700, 701-702 [1998]; *Matter of Langhorne v Jackson*, 206 AD2d at 667-668).

Petitioner's argument that the charges have not been proven has been rendered academic by our decision. His remaining argument has been considered and found to be lacking in merit.

Spain, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted to the extent that petitioner is restored to his former position with back pay and benefits.