■ In the Matter of KIMONI LINDO, Appellant, v JOSEPH PONTE, Commissioner of the New York City Department of Correction, et al., Respondents. [57 NYS3d 163]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Department of Correction dated October 31, 2014, which adopted the recommendation of an Administrative Law Judge, made after a

hearing pursuant to Civil Service Law § 75, finding the petitioner guilty, inter alia, of engaging in work and/or business related to his off-duty employment during his assigned tours of duty, and terminated his employment, the petitioner appeals from a judgment of the Supreme Court, Queens County (Taylor, J.), entered January 26, 2016, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the limited purpose of permitting the respondents to submit evidence of the written designation or authorization of the Administrative Law Judge and a new determination thereafter of the petition.

In 2013, following a disciplinary hearing held pursuant to Civil Service Law § 75, an Administrative Law Judge (hereinafter ALJ) found the petitioner guilty, inter alia, of departing his work assignment as a correction officer with the New York City Department of Correction before the end of his tour without authorization, engaging in work related to his outside employment during his assigned tour with the Department of Correction, and engaging in fraudulent conduct by deriving income from both jobs for the same work hours. The ALJ recommended that the petitioner's employment be terminated. In her report, the ALJ indicated that the disciplinary proceeding was referred to her by the Department of Correction pursuant to Civil Service Law § 75. At the time of the hearing, Dora B. Schriro was the Commissioner of the Department of Correction.

By letter dated October 31, 2014, Commissioner Joseph Ponte, who succeeded Schriro as Commissioner of the Department of Correction, found the petitioner guilty as reflected in the ALJ's report and recommendation, and terminated the petitioner's employment. In this CPLR article 78 proceeding, the petitioner alleges, inter alia, that former Commissioner Schriro did not make a written designation of the ALJ as required by Civil Service Law § 75 (2), and, therefore, the ALJ had no authority or jurisdiction to conduct the subject disciplinary hearing. The petitioner does not allege that Commissioner Ponte's determination was not supported by substantial evidence (*cf. Matter of Sassi v City of Beacon*, 145 AD3d 789 [2016]). The respondents did not interpose an answer to the petition; however, they submitted a notice of cross motion to dismiss the petition and memorandum of law. In the judgment appealed from, the Supreme Court rejected consideration of

the respondents' cross motion and memorandum of law on the ground that the respondents' documents contained therein have "no probative or evidentiary significance."

Even though the Supreme Court did not consider the respondents' papers, it nonetheless denied the petition and dismissed the proceeding, concluding that the ALJ had the authority and jurisdiction to conduct the subject disciplinary hearing. In this regard, the court relied upon a designation letter dated May 19, 1992 (hereinafter the 1992 letter), as referenced in another case, i.e., *Matter of Malone v Horn* (2008 NY Slip Op 30111[U] [Sup Ct, NY County 2008]). Without having the 1992 letter before it, the court determined that the 1992 letter from the then-Commissioner of the Department of Correction "authorized [the New York City Office of Administrative Trials and Hearings (hereinafter OATH)], its Chief ALJ and any ALJs as the Chief ALJ may assign to hold and conduct hearings for disciplinary charges" on behalf of the Department of Correction, and determined that such letter remained "in full force and effect" at the time of the subject disciplinary hearing in 2013. The 1992 letter was not contained in any of the papers before the court, or referred to by the ALJ who conducted the petitioner's disciplinary hearing or in Commissioner Ponte's letter terminating the petitioner's employment.

The sole issue raised by the petitioner on this appeal is whether the ALJ had the authority and jurisdiction to conduct the disciplinary hearing pursuant to Civil Service Law § 75. The respondents contend that the petition was properly denied. However, they also contend that the Supreme Court erred in not considering their cross motion to dismiss the petition, and that, in any event, they should have been given an opportunity to interpose an answer. On appeal, the respondents also request an opportunity to submit to this Court a letter from former Commissioner Schriro to the Chief ALJ of OATH authorizing the ALJs of OATH to conduct disciplinary hearings for the Department of Correction.

Civil Service Law § 75, which governs the procedure applicable to the subject disciplinary proceeding, provides that "[t]he hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose" (Civil Service Law § 75 [2]). In the absence of a written designation, the removing body or hearing officer has no jurisdiction to recommend the discipline of an employee and any disposition flowing from such a proceeding will be void (*see Matter of Wiggins v*

*Board of Educ. of City of N.Y.*, 60 NY2d 385, 387-388 [1983]; *Matter of Stapleton v Ponte*, 138 AD3d 751, 751 [2016]; *Matter of McKenzie v Board of Educ. of the City Sch. Dist. of Albany*, 100 AD3d 1096 [2012]; *Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ.*, 92 AD3d 1093, 1094 [2012]; *Matter of Stein v County of Rockland*, 259 AD2d 552, 553 [1999]; *Matter of Bozeman v Village of Greenport*, 154 AD2d 372 [1989]; *see also Matter of McComb v Reasoner*, 29 AD3d 795, 798 [2006]; *Matter of Payton v Buffalo City School Dist.*, 299 AD2d 825, 826 [2002]). This jurisdictional defect is not waived by a petitioner's failure to object at a disciplinary hearing (*see Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ.*, 92 AD3d at 1095; *Matter of Perez v New York State Dept. of Labor*, 244 AD2d 844, 844-845 [1997]; *Matter of Blount v Forbes*, 250 App Div 15, 18 [1937]).

Here, in denying the petition and dismissing the CPLR article 78 proceeding, the Supreme Court erred in considering and relying upon the 1992 letter as a written designation pursuant to Civil Service Law § 75 (2) since that letter was outside the record, and was not relied upon by the respondents, whose papers were rejected by the court (*see Bank of N.Y. v Castillo*, 120 AD3d 598 [2014]; *Silberman v Antar*, 236 AD2d 385 [1997]).

Moreover, the Supreme Court also erred in not considering the respondents' cross motion to dismiss the petition. Pursuant to CPLR 404 (a), the respondents were permitted to raise objections in point of law by a motion to dismiss the petition. Given the improper rejection of the respondents' papers and the particular circumstances of this case, the court should have afforded the respondents an opportunity to submit a designation letter conferring jurisdiction upon the ALJ who conducted the subject disciplinary hearing prior to determining the petition on the merits.

The respondents' request for the opportunity to submit a designation letter to this Court must be denied since "[m]atter dehors the record is not to be considered on appeal" (*Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]; *see Mendoza v Plaza Homes, LLC*, 55 AD3d 692, 693 [2008]).

Accordingly, the judgment must be reversed, and the matter must be remitted to the Supreme Court, Queens County, for the limited purpose of permitting the respondents to submit evidence of the written designation or authorization of the ALJ to conduct the subject disciplinary hearing, and for a new determination thereafter of the petition (*see Matter of Klein v Department of Mental Hygiene of State of N.Y.*, 15 AD2d 562,

562 [1961]; *see also Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d at 387). Chambers, J.P., Austin, Roman and Barros, JJ., concur.