Matter of Della Mura v City of Mount Vernon (2023 NY Slip Op 02519)

Matter of Della Mura v City of Mount Vernon

2023 NY Slip Op 02519

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-02013
 (Index No. 55788/20)

[*1]In the Matter of Anthony Della Mura, petitioner,
v
City of Mount Vernon, et al., respondents.

Charney & Wheeler P.C., Rhinebeck, NY (Russell G. Wheeler of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Board of Water Supply of the City of Mount Vernon dated December 31, 2019. The determination, made after a hearing pursuant to Civil Service Law § 75, terminated the petitioner's employment as a senior bookkeeper at the Board of Water Supply of the City of Mount Vernon.
ADJUDGED that the petition is granted, the determination is annulled, with costs, the petitioner is reinstated to the position of senior bookkeeper with the Board of Water Supply of the City of Mount Vernon, with full back pay and benefits, and the matter is remitted to the Board of Water Supply of the City of Mount Vernon for a new hearing and a new determination with respect to the charges.
The petitioner was employed as a senior bookkeeper with the Board of Water Supply of the City of Mount Vernon (hereinafter the Board). In September 2018, the Board brought charges against the petitioner alleging, inter alia, that the petitioner caused himself to receive unauthorized overtime compensation and an unauthorized increase in salary for a pay period in August 2017. After a disciplinary hearing before a duly designated hearing officer pursuant to Civil Service Law § 75(2), the hearing officer failed to issue a report of findings or a recommendation with respect to the disciplinary charges. Nonetheless, on December 31, 2019, the Board terminated the petitioner's employment, and the petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review that determination. In an order dated January 6, 2021, the Supreme Court concluded that the Board's determination was not arbitrary and transferred the proceeding to this Court pursuant to CPLR 7804(g).
The entire order of the Supreme Court may be properly reviewed upon the transfer of the substantial evidence question to this Court pursuant to CPLR 7804(g) (see Matter of Masullo v City of Mount Vernon, 141 AD3d 95, 100; Matter of Desmone v Blum, 99 AD2d 170, 177).
Pursuant to Civil Service Law § 75(2), a hearing upon disciplinary charges "shall be held by the officer or body having the power to remove the person against whom such charges are preferred," or, as here, "by a deputy or other person designated by such officer or body in writing for that purpose." When an individual is designated to conduct a hearing, he or she "shall make a record of such hearing which shall, with his [or her] recommendations, be referred to such officer or body for review and decision" (id.). "Without a report or other factual findings, the removing board or [*2]officer has no basis upon which to act and its determination, therefore, would unavoidably be arbitrary" (Matter of Wiggins v Board of Educ. of City of N.Y., 60 NY2d 385, 388; see Matter of Blount v Forbes, 250 AD 15, 17).
Here, it is undisputed that the hearing officer did not issue a report with findings or recommendations before the Board made its determination to terminate the petitioner's employment. Under the circumstances, any action taken by the Board was "unavoidably . . . arbitrary" (Matter of Wiggins v Board of Educ. of City of N.Y., 60 NY2d at 388).
Moreover, under the circumstances, the petitioner is entitled to be reinstated to his position and to back pay and benefits, even if the proceedings against him eventually lead to the termination of his employment (see Matter of Gomez v Stout, 13 NY3d 182, 188; Matter of Wiggins v Board of Educ. of City of N.Y., 60 NY2d at 388-389).
The petitioner's remaining contention need not be reached in light of our determination.
Accordingly, we grant the petition, annul the determination of the Board, reinstate the petitioner to the position of senior bookkeeper with the Board, with full back pay and benefits, and remit the matter to the Board for a new hearing and a new determination with respect to the charges.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court