Matter of Alexander v City of Albany (2025 NY Slip Op 04949)

Matter of Alexander v City of Albany

2025 NY Slip Op 04949

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

CV-24-1352
[*1]In the Matter of Andre Alexander, Appellant,
v
City of Albany et al., Respondents.

Calendar Date:August 14, 2025

Before:Lynch, J.P. Ceresia, Fisher, Powers and Mackey, JJ.

Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (Scott Lieberman of counsel), for appellant.
Robert Magee, Corporation Counsel, Albany (Brett T. Williams of counsel), for respondents.

Mackey, J.
Appeal from a judgment of the Supreme Court (Kimberly O'Connor, J.), entered July 12, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion for dismissal of the petition.
Petitioner was employed as a supervisor for the Department of General Services (hereinafter DGS) of respondent City of Albany. In February 2023, respondent Sergio Panunzio, DGS commissioner, brought 12 charges against petitioner alleging numerous violations of the City's employee manual and standard operating procedures, including, among other things, the unauthorized use of a City-owned vehicle and obstruction of the view of an in-vehicle camera. As a result, petitioner was suspended from his employment and directed to stay away from his workplace and subordinates. Shortly thereafter, petitioner approached his former subordinates and engaged in verbally abusive conduct, resulting in additional charges, including workplace violence.
Following a multiday hearing, a Hearing Officer determined that the City had presented credible evidence in support of the charges and recommended petitioner's termination. The Hearing Officer read his decision into the record and directed the City to "prepare an order for [him] to sign consistent with this decision and opinion." A pro forma order to this effect was signed on June 27, 2023, and received by Panunzio that same day. Roughly three weeks later, and following a further review, Panunzio accepted the Hearing Officer's recommendation and issued his final decision terminating petitioner. Respondents did not receive a copy of the hearing transcript until the following day.
Petitioner thereafter commenced this CPLR article 78 proceeding alleging, among other things, that the decision to terminate him was arbitrary, capricious and affected by an error of law because, in the absence of the hearing transcript, respondents failed to adequately review the record prior to issuing their determination. Respondents moved to dismiss the petition for failure to state a claim, which motion petitioner opposed.[FN1] Supreme Court granted respondents' motion, finding that the determination terminating petitioner's employment was not made in violation of lawful procedure or affected by an error of law. Petitioner appeals.
Petitioner's challenge to respondents' determination rests upon his contention that respondents failed to conduct a proper review of the evidence and the Hearing Officer's factual findings inasmuch as they did not receive the hearing transcript until after their decision had already been issued. Indeed, following a disciplinary hearing held pursuant to Civil Service Law § 75 (2), a hearing officer "shall make a record of such hearing which shall, with his [or her] recommendations, be referred to such officer or body [having the power to remove the employee] for review and decision" (Civil Service Law § 75 [2]; see Matter of Hardy v Kraham, 224 AD3d 946, 947 [3d Dept 2024]). The resulting administrative [*2]determinations are entitled to a presumption of regularity (see Matter of McKinney v Bennett, 31 AD3d 860, 861 [3d Dept 2006]) and, "in the absence of a clear revelation that the administrative body made no independent appraisal and reached no independent conclusion, its decision will not be disturbed" (Matter of Taub v Pirnie, 3 NY2d 188, 195 [1957] [internal quotation marks and citation omitted]; see Matter of Lake George Assn. v NYS Adirondack Park Agency, 228 AD3d 52, 65 [3d Dept 2024], lv denied 42 NY3d 908 [2024]).
In reaching the determination, the record reflects that Panunzio reviewed the Hearing Officer's undetailed written decision and recommendation, certain evidence presented at the hearing,[FN2] and discussed the matter with the City's counsel and a DGS representative, both of whom were present at the hearing (compare Matter of Zlotnick v City of Saratoga Springs, 122 AD3d 1210, 1213-1215 [3d Dept 2014]). Panunzio did not, however, review the Hearing Officer's detailed and thorough decision, as such was read into the record at the hearing and the hearing transcript was not received until after the determination terminating petitioner had already been issued. As Panunzio was unable to review the Hearing Officer's complete report and findings, respondents had "no basis upon which to act" and their determination was thus "unavoidably . . . arbitrary" (Matter of Wiggins v Board of Educ. of City of N.Y., 60 NY2d 385, 388 [1983]). To be sure, a reviewing officer need not review all evidence presented before the hearing officer or defer to his or her findings (see Matter of Perryman v Village of Saranac Lake, 64 AD3d 830, 836 [3d Dept 2009]; Matter of Pignato v City of Rochester, 288 AD2d 825, 826 [4th Dept 2001], appeal dismissed 97 NY2d 725 [2002], lv denied 98 NY2d 604 [2002]). Nevertheless, to permit respondents to issue a determination without even having the availability of the Hearing Officer's complete report and findings would render the requirements of Civil Service Law § 75 (2) meaningless (see Matter of Wiggins v Board of Educ. of City of N.Y., 60 NY2d at 387-388). Accordingly, we reverse and remit the matter for a determination after a de novo review of the record and the Hearing Officer's complete decision and findings (see generally Matter of Botsford v Bertoni, 112 AD3d 1266, 1269 [3d Dept 2013]). In view of our decision, we need not address petitioner's remaining contentions.
Lynch, J.P., Ceresia, Fisher and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although respondents' pre-answer motion was delineated as a motion to dismiss, Supreme Court essentially treated the motion as one seeking summary judgment and rendered a merit-based determination. On appeal, the parties raise no issues in this regard and treat the judgment as having been made on the merits of the petition (see Matter of Boyle v NYS Dept. of Motor Vehs., 209 AD3d 1222, 1223 n [3d Dept 2022], lv denied 39 NY3d 909 [2023]).

Footnote 2: The GPS and video evidence of the charged misconduct relied upon have not been included in the record on appeal.