■ In the Matter of KADAR STAPLETON, Appellant, v JOSEPH PONTE, Commissioner of New York City Department of Correction, et al., Respondents. [27 NYS3d 892]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Department of Correction dated January 22, 2014, which

adopted in part and rejected in part the recommendation of an Administrative Law Judge, made after a hearing pursuant to Civil Service Law § 75, finding the petitioner guilty, inter alia, of use of excessive force upon an inmate and terminating his employment, the petitioner appeals from a judgment of the Supreme Court, Queens County (Flug, J.), entered December 10, 2014, which, among other things, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The sole issue raised by the petitioner on appeal is that the Administrative Law Judge did not have the authority and jurisdiction to conduct the subject disciplinary hearing.

Civil Service Law § 75, which governs the procedure applicable to the disciplinary proceeding at issue in this case, provides that "[t]he hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose" (Civil Service Law § 75 [2]). The failure to designate a hearing officer for a disciplinary hearing in writing, as required by Civil Service Law § 75 (2), is a jurisdictional defect that renders the hearing officer's determination null and void (see Matter of Wiggins v Board of Educ. of City of N.Y., 60 NY2d 385, 387-388 [1983]; Matter of Stein v County of Rockland, 259 AD2d 552, 553 [1999]; Matter of Bozeman v Village of Greenport, 154 AD2d 372 [1989]; see also Matter of McComb v Reasoner, 29 AD3d 795, 798 [2006]; Matter of Payton v Buffalo City School Dist., 299 AD2d 825, 826 [2002]).

Here, the Supreme Court correctly determined that the Administrative Law Judge was properly designated to conduct the petitioner's hearing and to make recommendations thereon (see Matter of Malone v Horn, 2008 NY Slip Op 30111[U] [Sup Ct, NY County 2008]).

The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.