■ In the Matter of NINA HOPTON, Appellant, v JOSEPH PONTE et al., Respondents. [51 NYS3d 577]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Department of Correction dated June 23, 2014, which adopted the recommendation of an administrative law judge, made after a hearing pursuant to Civil Law Service § 75, finding that the petitioner violated Department of Correction rules, and terminated her tenured employment as a correction officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Sampson, J.), entered April 7, 2015, which granted the respondents' motion pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to CPLR article 78, alleging that the administrative law judge (hereinafter ALJ) did not have the authority and jurisdiction to conduct the subject disciplinary hearing. The respondents moved pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition for failure to state a cause of action. The Supreme Court granted the motion, denied the petition, and dismissed the proceeding. The petitioner appeals.

Civil Service Law § 75, which governs the procedure applicable to the disciplinary proceeding at issue, provides, in relevant part, that "[t]he hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose" (Civil Service Law § 75 [2]). "The failure to designate a hearing officer for a disciplinary hearing in writing, as required by Civil Service Law § 75 (2), is a jurisdictional defect that renders the hearing officer's determination null and void" (*Matter of Stapleton v Ponte*, 138 AD3d 751, 752 [2016]; *see*

*Matter of Wiggins v Board of Educ. of City of N.Y.*, 60 NY2d 385, 387-388 [1983]).

Here, pursuant to a letter dated December 11, 2012, from the then Commissioner of the New York City Department of Correction to the Chief Administrative Law Judge of the New York City Office of Administrative Trials and Hearings, an ALJ was properly designated to conduct the petitioner's disciplinary hearing and to make recommendations thereon (*see Matter of Stapleton v Ponte*, 138 AD3d at 752; *Matter of Malone v Horn*, 2008 NY Slip Op 30111[U] [Sup Ct, NY County 2008]). Therefore, the allegations in the petition, even if accepted as true, failed to state a cause of action based on the ALJ's purported lack of jurisdiction over the petitioner's disciplinary hearing (*see* CPLR 3211 [a] [7]; 7804 [f]).

The petitioner's remaining contentions are not properly before this Court.

Accordingly, the Supreme Court properly granted the respondents' motion, denied the petition, and dismissed the proceeding. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.