Stapleton v. Ponte

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

Kadar Stapleton,

> *Plaintiff-Appellant*,

v.                                                                      18-3227

Joseph Ponte, Commissioner of Correction, Dora B. Schriro, former Commissioner of Correction, Department of Correction, Lisette Camilo, Commissioner of the New York City Department of Citywide Administrative Services, New York City Department of Citywide Administrative Services, The City of New York,

> > *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Kadar Stapleton, *pro se*, Rosedale, NY.

FOR DEFENDANTS-APPELLEES:          Deborah A. Brenner, Claibourne Henry, *of counsel*, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kadar Stapleton, a former correction officer proceeding *pro se*, sued the City of New York (the "City"), the New York City Department of Correction (the "DOC"), DOC officials, the New York City Department of Citywide Administrative Services (the "DCAS"), and a DCAS official. He alleged that his termination from the DOC violated his due process rights under 42 U.S.C. § 1983 and violated state law. The defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing, *inter alia*, that Stapleton's claims were barred by collateral estoppel because he had unsuccessfully litigated the same issues in a state court proceeding brought under Article 78 of the New York Civil Practice Law and Rules, which was affirmed on appeal. *See Matter of Stapleton v. Ponte*, 138 A.D.3d 751 (2d Dep't 2016). The district court granted the defendants' motion on that ground. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of a Rule 12(b)(6) motion to dismiss *de novo*, "accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (internal quotation marks omitted). We also review *de novo* the application of the collateral estoppel doctrine. *See Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 45 (2d Cir. 2014).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must apply New York collateral estoppel law to New York state court judgments. *See Hoblock v. Albany Cnty.*

2

*Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). "The doctrine of collateral estoppel precludes a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point." *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (1985) (internal quotation marks and citations omitted); *see also Parker v. Blauvelt Volunteer Fire Co.,* 93 N.Y.2d 343, 349 (1999) (Under New York law, "[c]ollateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same.") (internal quotation marks and alteration omitted)). Collateral estoppel applies with respect to Article 78 proceedings. *See LaFleur v. Whitman*, 300 F.3d 256, 272 (2d Cir. 2002).

The district court properly determined that the elements of collateral estoppel are met in this case. In the state court proceeding, Stapleton raised the same issues that he later raised in the district court: whether the Administrative Law Judge ("ALJ") had the requisite authority and jurisdiction to conduct the disciplinary hearing under New York Civil Service Law § 75(2)[1] and whether the DOC Commissioner wrongfully terminated him. *Stapleton*, 138 A.D.3d at 752. Those issues were actually litigated and decided against Stapleton in state court, and Stapleton had a "full and fair opportunity" to litigate them in the state proceedings. *Kaufman*, 65 N.Y.2d at 455. Indeed, Stapleton does not argue to the contrary.

---

[1] N.Y. Civ. Serv. Law § 75(2) provides, in relevant part, that the hearing addressing disciplinary charges "shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose. In case a deputy or other person is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision."

Rather, Stapleton argues that collateral estoppel does not apply because there has been a change in controlling authority—the Second Department's opinion in *Matter of Lindo v. Ponte*, 150 A.D.3d 1244 (2d Dep't 2017), issued after *Stapleton* and during the district court proceedings—that precludes the application of collateral estoppel. We have held that collateral estoppel does not apply where "[m]odifications in controlling legal principles could render a previous determination inconsistent with prevailing doctrine, and changed circumstances may sufficiently alter the factual predicate such that new as-applied claims would not be barred by the original judgment." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 290 (2d Cir. 2000) (internal quotation marks and citations omitted). Thus, "even where the specified elements of collateral estoppel are present, reexamination of a legal issue is appropriate where there has been a change in the legal landscape after the decision claimed to have preclusive effect." *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005).

Stapleton's argument that *Lindo* represents such a change is internally inconsistent. In his appellate brief, he quotes extensively from *Matter of Wiggins v. Bd. of Educ. of City of N.Y.*, 60 N.Y.2d 385 (1983). *Wiggins* held that if there is no written designation authorizing an ALJ to conduct a N.Y. Civ. Serv. Law § 75 hearing, the ALJ has no jurisdiction to conduct the hearing or to discipline an employee, any report issued by the ALJ is a nullity, and any removing officer has no basis on which to act, such that its determination would be arbitrary. 60 N.Y.2d at 387–88. *Lindo* applied that principle in holding that the trial court erred in relying upon a letter as the requisite written designation because that letter was outside the record and not relied upon by the respondents. 150 A.D.3d at 1246–47. Stapleton argues, on the one hand, that New York courts have consistently ruled in accordance with *Wiggins*, but he also argues, on the other hand, that

4

*Lindo* represented "a change in the law applicable to his case." Appellant Br. 7; *see also id*. at 12. *Wiggins*, decided well before the Second Department's decisions in both *Stapleton* and *Lindo*, represents the prevailing view of New York courts in interpreting N.Y. Civ. Serv. Law § 75(2). Even in *Stapleton*, the Second Department cited *Wiggins*—demonstrating that it was familiar with governing law on the issue—but nevertheless concluded that the ALJ had been properly designated to conduct Stapleton's disciplinary hearing. *Stapleton*, 138 A.D.3d at 752. When the Second Department came to a different conclusion in *Lindo* a year later, that decision cited with approval both *Wiggins* and *Stapleton*. *Lindo*, 150 A.D.3d at 1246–47. It does not follow, then, given *Lindo*'s adherence to *Wiggins* and its approving reference to *Stapleton*, that *Lindo* either explicitly or implicitly changed "the legal landscape" so as to bar the application of the collateral estoppel doctrine. *Faulkner*, 409 F.3d at 37.[2]

At most, the Second Department in *Stapleton* misapplied *Wiggins*. But the preclusive effect of a final judgment is not "altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

---

[2] The district court reasoned that *Lindo* did not constitute a change in the applicable law because it was not binding on the Appellate Division of the First Department, "the court before which Plaintiff's case was decided." App. 15. We agree with Stapleton that this reasoning was erroneous in that Stapleton's state court appeal was decided by the Appellate Division of the Second Department, the court that authored *Lindo*. *See Stapleton*, 138 A.D.3d at 751. We nevertheless agree with the result reached by the district court.

We have considered all of Stapleton's remaining arguments and find them to be without

merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court